Wilde, J.
delivered the opinion of the Court. Several questions have been raised in the argument of this cause ; as to some of which, more consideration, than we have * hitherto bestowed upon them, might probably be necessary, to enable us to come to a satisfactory decision. The view we have taken, however, of one part of the case, we think decisive as to the question of title, and renders the other points, which have been made, immaterial.
Both parties, it appears, claim title under one Wilcox ; and there can be no doubt, that the demandant has derived the legal estate from him ; unless the intended operation of the deeds, under which he claims, has been defeated by the intervention of Drake’s attachment, and the proceedings consequent thereon.
On the 10th of July, 1809, when Drake made his attachment, it is admitted, that Wilcox had parted with the legal estate, and had then only an equity of redemption. But it is contended by the counse for the tenants, that afterwards, on the 17th of the same month, when Withington conveyed to Wilcox, there was, by operation of law, a transmutation of the attachment on the equity into an attachment on the land, and that Drake had the same lien upon it as if his attachment had been made at the time of that conveyance.
We think it difficult for the'tenants to maintain this position. But supposing it otherwise, we still think they must fail in their defence on another ground ; as to which we cannot perceive any reasonable cause of doubt.
The deed from Withington to Wilcox, and that from the latter to the demandant, were executed, as it appears, at the same time ; and all the other acts, necessary to give them validity, were simultaneous. These deeds must, then, be considered as parts - of the same contract, Wilcox being the instrument of conveyance, and having only an instantaneous seizin for that purpose, † Such a seizin, we are of opinion, cannot be the subject of an attachment. This position seems a necessary result from the principles laid down in the case of Holbrook vs. Finney, which was cited at the bar, and where the question was presented in a point of view most favorable to the argument' now made * by the counsel for the tenants ; that being an action of dower, which is ever entitled to favor in the application of legal principles. But the Court, in that case, ruled, that a seizin of the husband, for an instant, was not sufficient to entitle the wife to her dower.
*51 The general principle is well illustrated by the case put by the Chief Justice, in delivering the opinion in the case referred to. Thus, “■ If a feoffment be made to B. and his heirs, to the usé of C. and his heirs, the wife of B. shall not be endowed ; for the same feoffment, which gave him a seizin, by the statute of uses transferred it to C.” «v2 fortiori, we think, the creditors of B., in such a case, could not intercept, by an attachment, the transfer of the estate to C. And viewing the two deeds, from Withington to Wilcox, and from Wilcox to the demandant, as parts of one contract, made and executed at one time, we can perceive no distinction, in principle, between that case and the one at bar.
This view of the cause makes it unnecessary for us to take into consideration the objections urged in relation to the supposed irregularity of Drake's proceedings, in extending his execution. For, however regular they may have been, he can have acquired no title thereby, except to an equity, which cannot be set up against a legal estate. But, as one objection involves a question of general practice, I think it proper to observe, that the Court consider it entitled to great notice. Drake's attachment was made to respond for damages and costs, to the amount of $ 800, and no more. He could not, therefore, thereby have a lien on the property attached beyond that amount. But he, having extended his execution on the land at the appraised value of $ 830, the tenants now claim to hold the same by virtue of his attachment. This is certainly a singular claim ; and we know no principle to support it. As to the excess, it is very clear, that the title under the attachment must fail; and it would be difficult to devise a rule, by which, consistently with known principles, the * property may be so apportioned, as to admit the reference of title to any distinct part of the premises, corresponding in value with the amount of the attachment. But of this we give no decided opinion ; being satisfied, on the other ground, that the demandant is entitled to judgment.

Judgment according to the verdict.

[See Mass. Rev. St. c. 73, § 9; 1 Hilliard’s Abridgment, 447 - 451. — Ed.]

 [As to this doctrine of instantaneous seizin, see Clark vs. Munroe, 14 Mass 351; Hilliard's Abridgment, vol. i., and cases there cited.— Ed.]