## Seth Thaxter *versus* John D. Williams *et al.*

Upo.· a petition to the Court of Common Pleas, pursuant to *St.* 1819, *c.* 156, to enforce a supposed lien on land and on a building erected thereon, for labor and materials furnished under a contract for erecting the building, the owner of the land may come in and make answer to the petition, although he was not a party to the contract.

A contract made by a mechanic with a person in possession of land as a mere intruder or as a tenant, to erect a building thereon, does not create a lien, under *St.* 1819, *c.* 156, on the land and the building erected in pursuance of such contract, as against the owner of the land.

Where a mechanic, in pursuance of a contract made with a person having a covenant for the conveyance of land, furnished materials and erected a building on the land, and afterwards such covenantee received a deed of the land but at the same time mortgaged it to a third person who advanced the purchase money, it was *held*, that as the covenantee' had but an instantaneous seisin, no lien attached upon the land and building in favor of the mechanic for the labor anr' ·materials furnished by him.

THIS was a petition to the Court of Common Pleas, under *St.* 1819, *c.* 156, securing to mechanics and others payment for their labor and materials expended in erecting and repairing houses and other buildings, with their appurtenances.

The petitioner, who is a housewright, alleges, that on March 4, 1826, a contract in writing was made between himself and one Henry Smith, since deceased, the proprietor of certain land described in the petition, situate in South Boston, for erecting thereon a house and other buildings and furnishing labor and materials therefor, which contract was made and intended by the parties thereto to operate and create a lien to secure the payment of the same, upon the buildings and appurtenances and upon the land ; that the contract was duly recorded in the registry of deeds ; that the petitioner has completed the contract on his part, and that a large sum of money is due to him by virtue thereof; and he prays for a sale of the land with the appurtenances, and for further proceedings, pursuant to the statute.

Notice of the petition was ordered to be given to the administrator of Smith and to all other persons interested in the land.

The respondents, John D. Williams and Moses Williams, appeared and filed an answer, in which they allege, that they

had no knowledge of the existence of the contract between the petitioner and Smith referred to ; that on March 4, 1826, Smith was not the proprietor of the land, and that he did not become the proprietor until June 15, 1827 ; that by a deed of that date the corporation, called the South Boston Association, in consideration of $ 960, conveyed the land to Smith, and that at the same time and as a part of the same transaction, Smith, by his deed of mortgage, in consideration of $ 2400, granted the land to Nathaniel Staniford, and that a part of this sum was applied by Smith in payment of the $ 960, and that these two deeds were duly recovered    that the respondents afterwards, for valuable considerations, pur chased the mortgage and the equity of redemption, having first caused an examination to be made at the registry of deeds in order to ascertain whether Smith had made any conveyance after he had acquired his title by the deed of June 15, 1827, and that by force of the deeds made to them by Staniford and Smith they became seised in fee of the premises in question, free of the supposed lien set up in the petition.

The petitioner protested against the right of the respond ents to appear in the case, but if they had such right, then he demurred to their answer.

It was admitted at the argument, that on March 4, 1826, Smith held a written contract, but which was never recorded, whereby the South Boston Association agreed to convey to him the land in question upon his paying certain promissory notes given by him as the consideration for that contract, and that he had paid some of the notes.

*S. D. Parker* for the petitioner.  The *St.* 1819, *c.* 156, provides that when any contract shall be made in writing between the *proprietor* of land, on the one part, and any person, on the other part, for the erecting any building, the person who shall, in pursuance of such contract, have fur nished labor or materials for such purpose, shall have a lien to secure the payment of the same, upon such building, and the lot of land on which the same stands, and upon the right of redeeming the same when the same has been previously conveyed in mortgage, provided that no such lien shall attacn unless such contract shall have been recorded &c., and that

any person having such a lien, may petition the Court of Common Pleas to order a sale of such land with the appurtenances; in which case the court shall order notice to be given to all the creditors having a lien, as aforesaid, on such estate, to appear and make out their claims under such contracts, and the *owner* of such estate to show cause why a decree that such estate should be sold, should not be passed. In the 4th section it is enacted, " that whenever the *owner* of any such estate shall have so failed to perform his contract " &c. It is manifest from these provisions, that the words *proprietor* and *owner* are used to denote the person who makes the contract, and he is the person to whom notice is to be given and who is to appear and make answer to the petition. The respondents might appear in order to reduce the amount claimed by the petitioner, but not for the purpose of contesting the lien.

But if the respondents have a right to appear, they do not state a valid defence to the petition. The statute intended to give the mechanic a lien for his labor and materials against all persons. He works openly on the land, and any one interested should examine the records and ascertain whether he has perfected his lien by complying with the requisitions of the statute. Smith being in possession when he entered into this contract, whether he had a title or not, is immaterial ; the statute does not require the mechanic to look into the title. Nor does this work injustice, for the true owner of the land ought not to receive the benefit of the betterments without paying for them. Though the land and building are to be sold together, the statute presumes that there will be a surplus equal to the value of the land, which surplus is to be paid over to the owner of the land. But Smith was the owner ; he had paid part of the consideration, and the South Boston Association stood seised to his use. At all events he became the proprietor on receiving a deed from the corporation and the lien then attached. In case of a sale all which the petitioner has a right to sell will pass to the purchaser, and if the respondents hold him out, he may bring his action against them and try the title ; it was not intended by the legislature that it should be tried by the mechanic in this collateral manner.

*Cooke* for the respondents. To show that the title might be tried upon this petition, he referred to the statute above. mentioned, and to *Ex parte Allen*, 15 Mass. R. 58, and *Scott* v. *Hancock*, 13 Mass. R. 162.

Smith had but an instantaneous seisin ; and his contract therefore could not create the lien set up by the petitioner *Holbrook* v. *Finney*, 4 Mass. R. 568 ; *Clark* v. *Munroe*, 14 Mass. R. 351 ; *Chickering* v. *Lovejoy*, 13 Mass. R. 55.

The laches of the petitioner constitute a defence. If he had examined the records before he entered into the contract, he would have found that Smith had no title at that time. On the other hand, the respondents used due diligence to ascertain the state of the title. *Connecticut* v. *Bradish*, 14 Mass. R. 302, 303 ; *Trull* v. *Bigelow*, 16 Mass. R. 406.

WILDE J. delivered the opinion of the Court. This process is founded on the *St.* 1819, *c.* 156, entitled, " an act securing to mechanics and others payment for their labor and materials expended in erecting and repairing houses and other buildings with their appurtenances."

. The petitioner prays that the sale of a certain tract of land situated in South Boston, the property of one Henry Smith, may be ordered, in pursuance of the provisions of the statute. The petition alleges, that on the 4th day of March, 1826, a contract was made and executed by and between the petitioner on the one part, and Smith on the other part, for erecting on the land described in the petition, a dwelling-house and other buildings ; that in pursuance of the contract the petitioner had erected the buildings, and that a large sum is due to him for labor, and materials furnished, in completing the contract on his part ; and that he has a lien therefor on the land and buildings by virtue of the statute.

The respondent denies that any lien in favor of the petitioner has attached, because at the time of the contract with Smith he (Smith) had no title to the land ; and that afterwards, when he acquired a title, he parted with it immediately, and that by such an instantaneous seisin no lien could by law attach.

A preliminary question was made by the counsel for the petitioner, as to the right of the respondent to become a par-

ty in this suit. The statute does not provide that any one should be notified of a petition for sale, except he is a lien creditor, or the owner of the land, and the statute supposes undoubtedly that the owner of the land would always be one of the parties to the contract by which the lien was created ; but if he is not, there can be no good reason assigned why the owner should not be allowed to become a party, and to stop the petitioner's proceedings *in limine* to prevent unprofitable litigation. If the statute had been silent on the subject of notice, still the Court would not order a sale if it could be shown that the sale would be void in law ; and this may undoubtedly be shown by the owner of the land.

It was in the next place argued on the part of the petitioner, that the lien attached, whether Smith had any title to the land or not ; that naked possession was sufficient to enable him to create a lien ; but we think it is impossible o support this argument. The legislature have not the constitutional power thus to enable one person to violate the ight of property of another ; and if they had, it is quite clear that they did not intend to exercise any such power by the statute in question. It is obvious, as has been already remarked, that it is supposed, as appears by the language of the statute, that the person contracting to have buildings erected or repaired for him is to be the owner of the property, and not a mere tenant or intruder. In the first section it is provided, that where a contracting party had, before the contract for building or repairing, mortgaged the estate, the lien should attach to the equity of redemption : which would be a senseless provision on the construction of the statute contended for by the counsel for the petitioner.

So in the third section the owner of the property is to be notified, meaning thereby no doubt the person contracting for the erection of buildings, or for repairs. It seems therefore clear, that it is not the intention of the statute to enable a man to create a lien on an estate in which he has no interest, but that the lien is to attach to and to be limited by the contracting party's right and title in the land.

It is also clear, that in 1826 Smith was not the owner and propr'etor of the land on which the buildings have been erec

5 *

ted. It is true he had contracted for the purchase of the land with the proprietors, (the South Boston Association,) had paid part of the purchase money and had a bond for a deed ; but he had no legal title to the land. If he had possession, he was a mere tenant at will.

The remaining question is, whether the lien did not attach afterwards, when Smith received a deed from the South Boston Association ; and we are of opinion that it did not. The respondent, in his plea, avers that the conveyance from the South Boston Association to Smith, and his deed to Staniford, under whom the respondent claims, were made at the same time, and were parts of the same transaction. This averment is not traversed or denied by the petitioner. Smith therefore had a seisin only for an instant. He received and parted with the fee at the same time, and was but the instrument of conveyance to Staniford. To such an instantaneous seisin no lien could by law attach. This principle is fully established by *Holbrook* v. *Finney*, 4 Mass. R. 566, and *Chickering* v. *Lovejoy et al.*, 13 Mass. R. 51, and indeed by numerous other decisions. There is therefore no ground on which this petition can be sustained.

*Petition dismissed .*