## ROBERT AIKEN & al. vs. MATTHEW J. MEDEX.

An attachment of the interest of a debtor, by virtue of a bond for the conveyance of real estate, is dissolved by a failure *to sell the right* in the mode and within the time prescribed by the *stat.* of 1829, *c.* 431.

Where the debtor, after the attachment and before judgment, pays the money due on the bond, takes a conveyance to himself, and instantly conveys to a third person, the remedy of the creditor, if any, is by making sale of the right of the debtor, in the manner prescribed by the statute, and not by an extent of his execution upon the land.

THIS was a process of forcible entry and detainer under the statute, and the defendant pleaded title to the premises in *B. B. Leavitt*, under whom he claimed the right to be in possession. On the twenty-third of *April*, 1833, one *Patch*, being then the owner of the premises, gave a bond for a deed of the same, on the payment of certain sums in one, two, and three years, to one *Florence Sullivan*. The plaintiff attached all the right and interest of *Sullivan* in the land by reason of the bond, *January* 1, 1835, as provided by the *stat.* of 1829, *c.* 431. On the 17th of *March*, 1835, *Leavitt*, without any knowledge of the attachment, and for the purpose of securing a debt due from *Sullivan* to him, paid the balance then due from *Sullivan* to *Patch* on the bond, and *Patch* executed a deed of the land to *Sullivan*, and received back his bond. At the same time, *Sullivan* executed and delivered a deed of the premises to *Leavitt*, and both deeds were immediately recorded. The plaintiff entered his action at the *March* term of the Court of Common Pleas, 1835, and at the *September* term recovered judgment against *Sullivan*, and within thirty days duly levied his execution on the land in controversy, being a part of the premises described in the bond, but did not sell *Sullivan's* right by virtue of the bond, in the manner required by law for the sale of an equity of redemption, the mode pointed out by the statute. The parties made a statement of all the facts, and submitted to the determination of the Court the question, whether the complainant was entitled to the possession of the premises against one claiming under *Leavitt*.

*D. T. Granger*, for the plaintiffs, contended, that this was the right and only mode in which the plaintiffs, under the circumstances, could avail themselves of the interest of *Sullivan*, by the bond, to

pay their debt. When judgment was obtained, *Sullivan's* equitable right under the bond had been changed to a legal title from *Patch.* The lien continued on the fee acquired by him, and the plaintiff's remedy was by levying his execution, and not by selling an equity of redemption which did not exist. *Sullivan* could and did pay the amount due on the bond, which we could not prevent, but this did not dissolve the attachment. No act of his could do this, but he could and did acquire a title, and we were bound to levy, and not sell the equity. Where a right in equity is attached, and pending the suit the mortgage is redeemed, the lien attaches to the fee. *Forster* v. *Mellen,* 10 *Mass. R.* 421. Unless this be the remedy, the debtor may at any time defeat an attachment by procuring some one to redeem for him.

*Mellen* and *S. S. Rawson,* for the defendant, contended, that the plaintiffs, by neglecting to pursue the mode pointed out by the statute, had lost all benefit by their attachment; that the lien created by it was dissolved; and that the lessor of the respondent had acquired a perfect title. *Chickering* v. *Lovejoy,* 13 *Mass. R.* 51; *Stat.* of 1829, *c.* 431; *Shaw* v. *Wise,* 1 *Fairf.* 113.

The opinion of the Court, after advisement, was drawn up by

WESTON C. J. — The *statute* of 1829, *c.* 431, being an additional act respecting the attachment of property, first gave to a creditor the right to attach such an interest, as *Sullivan* had in relation to the estate in controversy, when the plaintiffs caused their writ to be served, in the action against him. The statute has pointed out a special mode, to render the attachment effectual, by directing a sale of the interest attached, on the execution, in the same manner required by law for the sale of an equity of redemption on execution; and by providing a remedy for the purchaser, by a bill in equity.

The statute mode was not pursued, upon the ground, that if it had been, it would have been defeated, by the course of proceedings, subsequent to the attachment. That is assuming more, than has yet been decided. If the course required by the statute, had been pursued, the right thus acquired would have been entitled to legal protection, and would have been held available, unless the law should be found to be so radically defective, that it could not

be carried into effect in such a case. Justice might be done, by making the purchaser under the debtor, or under the obligor in the bond, a party to the bill in equity, and by decreeing, that he should convey the title to the purchaser under the execution, upon receiving, if he had paid it, the sum due on the bond, at the time of the attachment. But upon this point, we reserve ourselves, until such a case shall be legally presented to our consideration.

It is however our opinion, that the plaintiffs, not having pursued the requirements of the statute, have lost the lien, created by their attachment. If the debtor ever had such a fee in the land, as could have been attached, or taken on execution, by a creditor, he had parted with it long prior to their levy. According to the case of *Chickering* v. *Lovejoy & al.*, 13 *Mass. R.* 51, he never had such a seizin, as could have been subject to attachment. But however that may be, there was no attachment upon the land, or at least none which was legally continued, at the time of the transit of the fee, through him to the defendant. The attachment of the interest of the debtor, under the bond, was dissolved, by a failure on the part of the plaintiffs, to make it effectual, in the mode prescribed by the statute, by which it was authorized.

Upon the facts agreed, we are of opinion, that the respondent is entitled to judgment.