HORACE S. M'KECKNIE *versus* ELISHA D. HOSKINS.

Where land is conveyed, and at the same time mortgaged back for the security of the consideration money, and the mortgagee continues in the actual possession and occupation thereof, but neither the deed nor the mortgage is recorded, and during the time the mortgagee is so in possession under his unrecorded mortgage, the mortgagor makes another mortgage of the property to a third person, who instantly records it, the former mortgage is entitled to priority over the latter.

Nor will the sale by the first mortgagee to the mortgagor, at the time the conveyances were made, of "one half of the herbage and crops of all kinds now standing and growing on the land," prevent the priority of the first mortgage.

JOHN BOWLEY was once the undisputed owner of the land demanded in the present action, and both parties claimed under him.

On July 20, 1835, Bowley, by his deed of that date, conveyed the premises to Solomon Moulton, and at the same time Moulton made a mortgage thereof back to secure the purchase money. The deed to Moulton was recorded on June 19, 1837, and the mortgage to Bowley, Oct. 28, 1836. This

mortgage was assigned to the demandant on Oct. 30, 1839, and the assignment was recorded on the next day. Bowley, by his bill of sale, under seal, bearing date July 15, 1835, conveyed to Moulton, " one half of the herbage and crops of all kinds now standing and growing on the land conveyed by me to said Moulton, by deed of *even date with this writing*," and the materials for erecting a house lying upon the premises, " the said Moulton to furnish at his own expense one man to help cut and make the hay the *present* season." At the time the deed and mortgage were made, Bowley was in the possession and occupation of the land, and so continued until long after the mortgage thereof to Eli Hoskins.

Moulton made another mortgage of the same premises to Eli Hoskins on Oct. 29, 1835, which was recorded on the same day. On March 24, 1841, Eli Hoskins made an assignment of this last mortgage to Elisha D. Hoskins, the tenant, but the assignment was not recorded until the day of the trial.

At the trial, before TENNEY J. the demandant was permitted by the presiding Judge, although objection was made thereto by the tenant, to prove the confession of Eli Hoskins, that before he took the mortgage from Moulton he knew of the mortgage to Bowley, made after his assignment to the tenant and before the recording thereof.

After the evidence was all introduced, a verdict was taken for the demandant, without any instructions to the jury, which was to stand, provided the ruling as to the admission of evidence was correct, *or if it should appear from the whole case that the demandant was entitled to judgment;* otherwise the verdict was to be set aside.

*J. Appleton*, for the tenant, considered it to be very clear, that the admissions of Eli Hoskins, made after he had assigned the mortgage, were improperly admitted. The verdict was obtained by illegal evidence, and the tenant is entitled to a new trial. Without this evidence ours was the prior title, as our mortgage was first recorded. There was no entry or possession shown under the demandant's mortgage. The possession of the mortgagee was under the contract only.

*Kent,* for the demandant, said that so long as the assignment remained unrecorded, it was the same as if never made, except as between the parties. The testimony was therefore rightly admitted. But this is an immaterial question, as we are entitled to judgment on other grounds.

1. The mortgagee, under whom we claim, was in the actual occupation of the premises until long after the mortgage of the tenant was made. This is equivalent to the recording of our mortgage. *Webster* v. *Maddox,* 6 Greenl. 256; *Davis* v. *Blunt,* 6 Mass. R. 487. The contract between the parties as to the crops does not alter the case. It did not authorize the holding.

2. If a man takes a title from a grantor who has no record title, he does it at his peril, and subject to all encumbrances existing upon the premises. When the tenant's mortgage was made and recorded, his grantor had no title whatever on the records. If the tenant relies on the records to give priority to his subsequent deed, they show our prior mortgage before they show any title in his grantor. He therefore fails with the records, as well as without them. *Flynt* v. *Arnold,* 2 Metc. 626.

The opinion of the Court was prepared by

TENNEY J. — Judgment is to be entered upon the verdict for the demandant, if the admissions of Eli Hoskins were competent evidence, or, if from the whole case, he is entitled thereto. If the result were to depend upon the first alternative, there is much reason to believe, that a new trial must be had, but from the whole case, as it is reported, the verdict can be well sustained.

At the time of the demandant's conveyance to Moulton, the latter had only an instantaneous seizin, he having executed and delivered back a mortgage for the security of the purchase money. *Holbrook* v. *Finney,* 4 Mass. R. 566; *Chickering* v. *Lovejoy,* 13 Mass. R. 51. As between the parties to that transaction, and those claiming under them respectively, the legal title and freehold was in the demandant, and he had the

right of possession at all times, till the condition of the defeasance should be fulfilled. There was evidence, that he was in possession at the time, he took his mortgage, and so continued till after the time, when Eli Hoskins took his mortgage from Moulton. This fact was not derived from the admission of Eli Hoskins, and does not seem to have been at all controverted at the trial; and the argument for the defendant proceeds upon the ground of its having been well established. The demandant must be treated as being in possession by right, and cannot be presumed, in the absence of evidence, to hold that possession under a title inferior to that, which he actually had. It is contended however for the defendant, that the instrument executed by the demandant, and in the case, shows that he held under Moulton, by virtue of that agreement, and not under the mortgage deed. This paper, though purporting upon its face to have been executed more than a month before the conveyance to Moulton, recites that it is of even date therewith. It is a bill of sale under seal, for the consideration of one hundred dollars, of one half of all the herbage and crops of all kinds, then standing and growing on the tract of land in dispute. Also all the materials of every description, then lying upon the premises for the purpose of erecting a dwellinghouse, it being understood, that Moulton was to furnish a man to aid in cutting and making the hay on the same.

Is there any thing in this instrument sufficient to show, that the demandant by a binding contract relinquished his perfect and legal right to retain possession as mortgagee, and that he was in fact holding under this instrument? Before the relation between them could be so entirely changed, there must be some unequivocal proof thereof; it could not be so determined by doubtful implication. By the terms and general tenor of the paper, the demandant sold a part of the crops then growing to maturity under his care, upon the farm of which he had possession, and also other property having no connexion with the premises. This sale implies at least, that the property sold, previously belonged to him, and it was not in the mouth of Moulton to deny this. But the conveyance to Moulton, taken

by itself, would pass the herbage and crops attached to the soil, and would render a purchase thereof entirely unnecessary. If it was understood between them, that Moulton was in the possession, as well he might be by the consent of the mortgagee, then so far from his being a purchaser of one half the crops, which he was to enjoy, he should have sold to the demandant the portion intended for him. When we look for the contract under which the demandant became the owner of the crops, so that he could sell a portion thereof to Moulton, we find none but the mortgage. No other than that and the bill of sale is pretended. The latter could not on any construction confer such a title, but the former was entirely sufficient for the purpose.

The demandant then must be regarded as holding the possession under the mortgage, and by the authority of the case of *Webster* v. *Maddocks,* 6 Greenl. 256, that possession perfects and secures his title as effectually as the registry of deeds.

*Judgment on the verdict.*