WILLIAM P. WEBSTER *vs.* ROBERT M. CAMPBELL.

The execution of a deed of land on the same day on which the grantor receives a convey-
ance thereof, is not conclusive evidence that his seisin was only instantaneous, but the
question should be left to the jury; and evidence of the time and place of the execution
of both deeds is competent.

WRIT OF ENTRY. At the trial in the superior court, the de-
mandant introduced in evidence the record of a suit commenced
by him on the 30th of March 1854, against William F. Osgood,
under whom both parties claim title, in which he attached the
land in controversy, recovered judgment, and levied his execu-
tion thereon. The tenant then introduced in evidence a deed
of the premises from William F. Osgood to Atis Osgood, dated
August 1 1853, and acknowledged on the same day before a
magistrate of Middlesex county, and recorded August 2; and
the record of a suit commenced by him against Atis Osgood on
the 3d of August, in which he attached the land, recovered judg-
ment, and levied his execution thereon. The demandant then
introduced in evidence, under objection, a deed of the premises
from Atis Osgood to Savory T. Burbank, in which the grantee
was described as of Hooksett, New Hampshire, dated August 1,
1853, and acknowledged on the same day before a magistrate
of Merrimack county, in that state. The tenant then offered to
prove by the testimony of witnesses that the deed to Atis Osgood
was executed and delivered at Lowell, in Middlesex county, and
that the deed from him to Burbank was executed and delivered at
Hooksett, in New Hampshire, which is thirty miles from Lowell,
and that the latter deed was fraudulent and void, as against the
creditors of Atis Osgood: but *Rockwell,* J. rejected the evidence,
and ruled that it appeared upon the face of the deeds that Atis
Osgood had only an instantaneous seisin, and that he had no
attachable interest in the premises on the 3d of August 1854.
There was no evidence to impeach the deed of William F. Os-
good to Atis Osgood. Under the above rulings, a verdict was
taken for the demandant, and the tenant alleged exceptions

*T. Wentworth,* for the tenant.

*B. F. Butler & W. P. Webster,* for the demandant.

DEWEY, J. In the manner in which this case is now presented to us, we think the exceptions must be sustained. The deed of William F. Osgood to Atis Osgood, and the deed of the latter to Savory T. Burbank, do not on their face show that Atis Osgood had only an instantaneous seisin in the premises, and that on the third day of August 1853, he had not such a title or interest therein as might be attached and held by his creditors against a fraudulent grantee of his. The fact that the two deeds bear the same date does not necessarily establish them as one transaction. It may be a strong circumstance, and certainly great effect was given to it in the case of *Holbrook* v. *Finney,* 4 Mass. 566. But this question of instantaneous seisin, and the question whether Atis Osgood was in fact a mere conduit for passing the title, must depend upon all the facts and circumstances of the case. Such evidence was introduced, and effect given to it by this court, in the cases of *Chickering* v. *Lovejoy,* 13 Mass. 51, and *Haynes* v. *Jones,* 5 Met. 292. In each of those cases the evidence tended to establish that the seisin was only instantaneous, the transactions in all their parts being in good faith, and in furtherance of honest purposes; and in each case the court held that the two deeds were to be considered as parts of one contract, and that the interest of the grantee in the first deed was not subject to attachment.

On the face of these deeds, they appear to have been executed at different places. The tenant offered to show by evidence that such was the fact, and that the deed to Atis Osgood was executed at Lowell, and the deed to Burbank was executed at Hooksett in New Hampshire, a distance of thirty miles. The case put by the tenant assumes that Atis Osgood was a purchaser for a valuable consideration, and that he, having acquired a valid title, transferred the same to Burbank by a deed which was fraudulent as against his creditors.

On the future trial, these and other questions, as to which the parties are at issue, will be fully open to proper inquiry.

*Exceptions sustained.*