JONATHAN E. HAZLETON & others *vs.* SARAH LESURE.
SAME *vs.* MECHANICS' SAVINGS BANK.

If a debtor's interest in land which is subject to a mortgage and to a life estate is attached on mesne process, and subsequently, for the purpose of raising money to pay off the mortgage, the life estate is released to him and he thereupon executes a new mortgage of the premises to another person as security for money lent by him to pay off the first mortgage, and then reconveys the life estate to the same person who held it before, and the first mortgage is paid and discharged, and these acts are all done at one time and as parts of the same transaction, the attaching creditor cannot avail himself of such instantaneous seisin of the debtor, or levy his execution upon a greater estate than his debtor owned in the premises at the time of the attachment.

Two writs of entry brought to recover certain real estate in Grafton. The cases were reserved in this court by the chief justice for the determination of the whole court, upon facts which are sufficiently stated in the opinion.

*G. F. Hoar*, for the demandants, cited, upon the question of merger, *Eaton* v. *Simonds*, 14 Pick. 104; *Forster* v. *Mellen*, 10 Mass. 421; *Freeman* v. *M'Gaw*, 15 Pick. 82; *Perry* v. *Hayward*, 12 Cush. 350; 6 Cruise Dig. (Greenl. ed.) tit. xxxix. §§ 15, 25, 96, 111; 4 Kent Com. (6th ed.) 102.

*F. H. Dewey & W. F. Slocum*, for the tenants, cited *Webster* v. *Campbell*, 1 Allen, 314, and cases cited.

GRAY, J. In September 1856, Rufus H. Lesure, being seised in fee of the demanded premises, subject to a mortgage to Seth Davenport to secure the payment of $800, conveyed them to William T. Lesure and Sarah Lesure, his wife, for their lives and the life of the survivor. Davenport, the mortgagee, died; and on the 18th of October 1860 his mortgage was paid off with $800 borrowed for the purpose of the Mechanics' Savings Bank, to be secured by another mortgage on the premises. On the same day William and Sarah released their life estate to Rufus and he, to secure the money borrowed of the bank, made to th bank a second mortgage, stating therein that the premises were subject to the first mortgage, which was to be paid off with the money raised on this one; and also made a new deed of the premises to William and Sarah for their lives and the life of the

survivor, subject to the second mortgage. The release of the life estate, the second mortgage, and the reconveyance of the life estate, were all parts of one transaction and delivered simultaneously. After they had been recorded, the Davenport mortgage was discharged of record. William T. Lesure afterwards died. The tenants in these actions are his widow and the bank.

The demandants claim title under an attachment made in October 1859 on mesne process against Rufus H. Lesure, and a levy of the execution issued on the judgment recovered by them in the same action in January 1863; and contend that by the proceedings on the 18th of October the first mortgage was discharged, and the life estate surrendered and merged in the fee, and the entire estate in the land subjected to the lien of their attachment.

If the release or surrender by the tenants for life of their life estate to Rufus H. Lesure had given him a beneficial seisin for any period of time, however short, in that life estate, we can have no doubt that it would have become united to the reversion, and neither he nor any subsequent grantee could have asserted a title to it as against his creditors who had previously attached the land; and it would have been difficult to avoid the conclusion that the mortgage was merged in the fee.

But such was not the fact. The release of the life estate, the new mortgage to the Mechanics' Savings Bank, the reconveyance of the life estate, and the discharge of the old mortgage, were all made simultaneously and as parts of one transaction, with the single purpose of giving security to the bank upon this land for the payment of the sum advanced by the bank to pay off the earlier mortgage. The reversioner was merely a conduit through which the estate was passed for this purpose. The release to him gave him no beneficial interest in the life estate, but only an instantaneous seisin sufficient to enable him to convey it away again at once.

Whenever a man parts with a freehold estate at the same time, and as part of the same act or transaction by which he acquires it, his seisin for an instant does not subject the estate conveyed to him to the ordinary incidents or incumbrances

which would affect it if in him for any time. It makes no differ-
ence whether the transaction consists of one conveyance or of
several, or whether they are executed between two parties only,
or more. If they all constitute one transaction done at the same
time, it matters not how complicated it is. If he is but an
instrument or conduit to pass the title to another, it is unimpor-
tant how many simultaneous conveyances are made into and out
of him. In one sense, no doubt, these conveyances operate suc-
cessively; but it is in such uninterrupted succession as to afford
no opportunity to interpose an impediment. Nor does it make
any difference whether a party has or has not any other title in
the same land, if the seisin acquired by him is formal and
instantaneous only.

A familiar illustration of this in the common law was the
case of the conusee of a fine rendering back an estate to his
conusor by the same fine, who was held to have no seisin which
would endow his wife, " his seisin being," as Lord Chief Justice
Vaughan said, " but a mere fiction and an invented form of
conveyance only;" and he himself, in the words of Sir William
Blackstone, " a mere instrument or conduit pipe." Vaugh. 41
2 Bl. Com. 132, 364. Upon the same principle it was long ago
decided by this court, and has been affirmed by a weight of au-
thority, that a conveyance to a husband, executed simulta-
neously with a mortgage back to his grantor, or to a third person,
gave the husband no seisin which would entitle his wife to
dower as against the mortgagee. *Holbrook* v. *Finney*, 4 Mass.
566. *Clark* v. *Munroe*, 14 Mass. 351. *Mayburry* v. *Brien*, 15
Pet. 39. 4 Kent Com. (6th ed.) 39. *Kittle* v. *Van Dyck*, 1 Sandf.
Ch. 76. In *Chickering* v. *Lovejoy*, 13 Mass. 51, the doctrine of
instantaneous seisin was applied to the case of a deed by mort-
gagee to mortgagor, with a simultaneous conveyance by the
latter to a third person; and it was held that the mortgage did
not become subject to an attachment previously made on the
equity of redemption, and that a subsequent levy of execution
in favor of the attaching creditor by extent upon the land, with
out deducting the amount of the mortgage, passed no title as
against the subsequent conveyance from the mortgagor.

That case cannot be distinguished in principle from the present. The mortgage to the bank secured a like sum with the mortgage to Davenport, which was released as part of the same transaction, and differed in no respect from the Davenport mortgage, except in extending the time for redemption, of which the attaching creditor of the equity has certainly no reason to complain. The mortgage title passed through the debtor without resting in him, and upon the principles and authorities above stated did not become united to the fee so as to be subject to dower of his wife or to the previous attachment of his creditor. Nor could the simultaneous seisin of the life estate for the same instant subject that estate to dower or attachment. An instantaneous seisin of a life estate can have no greater operation by way of merger or subjection to the incidents of actual beneficial ownership than a like seisin of an absolute or conditional fee.

The application of the doctrine of instantaneous seisin to these cases carries out the manifest intention of all the parties to the transaction in question, leaves the lien of the attaching creditor unimpaired, and avoids the injustice of depriving the mortgagee and the tenant for life of their estates without consideration. The strict rules of law thus do exact justice to all parties interested. The result in each case is, that the tenant has a better title than the demandants, and the judgment must be *Demandants nonsuit.*