CONSTRUCTION PUBLISHING CO., INC. *vs.* EATON-TURNER, INC. May 14, 1987. *Practice, Civil,* Master, Attachment. *Real Property,* Attachment.

After a receiver was appointed to take control of the defendant, certain of its real estate was sold. A number of secured creditors of the defendant intervened.[1] The question of priority among these secured creditors was referred to a master. After hearings, he determined that $70,000, plus interest accruing after the date of sale of the real estate, was to be paid to Turner and the balance to Fay. The master's report was adopted by a judge of the Superior Court who declined to act on motions to strike and other motions of interveners Turner, Strom, and Eaton. A judgment entered from which these interveners appealed.

1. *Appeals of Eaton and Strom.* Massachusetts Rule of Civil Procedure 53(h)(3), effective July 1, 1982, as appearing in 386 Mass. 1242, provides in relevant part:

> "The court will not review a question of law dependent upon evidence before the master unless the evidence was recorded by a stenographer and a transcript of so much of the proceedings before the master as is necessary to dispose of the objections adequately is served, together with the objections, upon every other party."

Strom and Eaton, in claiming error in the findings of the master, refer to partial transcripts of tape recordings. Such transcripts, even if assented to by the parties, do not conform to the rule. For this reason, if for no other, the motions of Strom and Eaton were properly denied. We also note that the documents which were made part of the master's report were insufficient to show that the master's subsidiary findings were "clearly erroneous, mutually inconsistent, unwarranted by the evidence before the master as a matter of law or . . . otherwise tainted by error of law." Mass.R.Civ.P. 53(h)(1).

2. *Appeal of Turner.* Turner obtained a real estate attachment of $70,000. His total judgment, including interest and costs, was $95,364. He argues

---

[1] The creditors involved in this appeal are Gregory J. Strom, Amos J. Eaton, Richard A. Turner and Frederick A. Fay.

that the master erred as matter of law in limiting his recovery to the amount of his attachment. Turner claims that the total amount of his judgment is secured by his attachment, even though there are intervening secured creditors (e.g. Fay) with interests recorded between the dates of recording of Turner's real estate attachment and the execution thereon.

The relevant statute, G. L. c. 223, § 42, as appearing in St. 1975, c. 501, § 1, provides that "property liable to be taken on execution . . . may be attached . . . and . . . held as security to satisfy such judgment as the plaintiff may recover."

The implication is that there is no security interest in property not so attached or in property in excess of the attachment. Massachusetts Rule of Civil Procedure 4.1(c), 365 Mass. 737 (1974), lends support to this conclusion. The rule prohibits an attachment, unless approved by an order of the court "for a specified amount" and "upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment . . . ."

If Turner's argument were to prevail, the amount of the attachment would be irrelevant. Whether for one dollar or $100,000, the attachment would take precedence over other intervening secured interests without regard to the size of the later judgment or interest thereon. We do not read the statute and rule to allow this result.

There is nothing in *Afcodian Ltd.* v. *Brompton Air Services*, 753 F.2d 176, 177-178 (1st Cir. 1985), to the contrary. The court there ruled that where monies were held in escrow, the party legally entitled to such monies is also entitled to interest. The case did not involve a question of successive security interests in real estate. We note that, in the present case, where there were funds earning interest, that is, during the period after the sale, the master awarded Turner the amount of interest earned on the $70,000 during that period. Turner was entitled to no more. Cf. *Chickering* v. *Lovejoy*, 13 Mass. 51, 56 (1816).

*Judgment affirmed.*

*Albert Auburn* for Gregory J. Strom.
*David E. Babson* for Richard A. Turner.
*William M. Conway* for Frederick A. Fay.