**Rena M. LIBBY**

v.

**Janet T. BROOKS.**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1994.

Decided Feb. 3, 1995.

Lawrence R. Sawyer (orally), Sawyer, Sawyer & Minott, P.A., Windham, for plaintiff.

David A. Soley (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

Janet Brooks appeals from a judgment of the Superior Court (Cumberland County, *Brodrick, J.*) granting Rena Libby a summary judgment on her foreclosure action against Brooks. Brooks argues that her purchase money mortgage has priority over a mortgage created by the equitable doctrine of estoppel by after-acquired property. Because we agree, we vacate the judgment.

In January 1990 attorney Thomas F. Malone, Jr., borrowed $60,000 from Rena Libby and her late husband ostensibly to finance the purchase of his office condominium. He secured the promissory note evidencing his debt with a mortgage of the condominium even though he did not then own it. He recorded the mortgage deed. The Libbys knew that Malone did not have title to the condominium when they accepted his mortgage, and they neither obtained a different lawyer nor searched the title.

In February 1991 the actual owner of the condominium, Dr. Ronald Brooks, conveyed the condominium to Malone by warranty deed and simultaneously took back a purchase money mortgage. Both deed and mortgage were recorded. Dr. Brooks subsequently conveyed the purchase money mortgage to his wife, Janet. The Brookses were unaware of the existence of the Libby mortgage. It is conceded that the Libby mortgage was recorded outside the chain of title, and would not have been found by a title search conducted in accordance with the Maine Title Standards.

When Malone failed to make mortgage payments, Janet Brooks filed a foreclosure action against him, and a judgment of foreclosure and sale was entered in the Superior Court (Cumberland County, *Perkins, J.*) in August 1992. Because Brooks was unaware of Libby's mortgage, Brooks did not join Libby in the action as a party-in-interest. Libby learned of the foreclosure action in June 1992, but did not intervene. She notified Brooks of her mortgage in October 1992, two months after the foreclosure order. When Brooks published her notice of public sale, she notified prospective purchasers that "the sale shall be subject to an alleged first mortgage in the original principal amount of $60,000.00 given by Thomas F. Malone, Jr., P.A. to Percy O. Libby, Sr. and Rena M. Libby." The foreclosure sale was held in January 1993 and Brooks, the only bidder at the auction, obtained title to the property.

Libby brought her foreclosure action in February 1993. Malone was defaulted, and Brooks was the only party-in-interest to appear. In April 1994 the Superior Court granted a summary judgment in favor of

Libby and denied Brooks's motion for a summary judgment, and the court entered a final order and a judgment of foreclosure in June. The court's judgment was based on its determination that Libby's mortgage had priority over the mortgage held by Brooks by virtue of the doctrine of estoppel by after-acquired property.[1] This determination was an error of law.

A purchase money mortgage has priority over an estoppel mortgage. "Where one who has conveyed before he had title gives a purchase-money mortgage upon acquiring the title, the cases agree that the title subsequently acquired does not inure to the benefit of the prior grantee or mortgagee, as against the holder of the purchase-money mortgage." *Fecteau v. Fries*, 253 Mich. 51, 234 N.W. 113, 114 (1931); *see* Annotation, *Doctrine of After-acquired Title As Between One Who Took Before and One Who Took After Common Grantor or Mortgagor Acquired Title*, 25 A.L.R. 83, 92–94 (1923); 55 Am.Jur.2d *Mortgages* § 348, at 408 (2d ed. 1971) ("[A] purchase-money mortgage ... is entitled to a preference ... over all claims or liens arising through the mortgagor *although they are prior in point of time*.") (emphasis added). *See also M'Kecknie v. Hoskins*, 10 Shep. 230, 23 Me. 230 (Me.1843) (purchase money mortgage has priority over previously recorded mortgage).

This doctrine protects a seller who has parted with property on the faith of having a security interest in it as against persons who have never owned the property. The seller has priority because the property she is relying on for payment was previously hers up to the time of the sale and mortgage back. There was never a time when she completely released an interest in the property, and she would never have done so except on the faith and in the belief that if her buyer defaulted she could either recapture the property or get paid out of it. In contrast, other mortgagees parted with money in which they retained no interest whatsoever, and placed their reliance for repayment on getting a security interest in property never previously owned nor even owned by the mortgagor at the time the money was loaned. Nelson & Whitman, *Real Estate Finance Law* § 9.1, at 803–06 (3d. ed. 1993) (advancing several rationales for this priority for the purchase money mortgage). Consequently, Brooks's purchase money mortgage has priority over Libby's estoppel mortgage.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. Pursuant to the doctrine of estoppel by after-acquired property, if a grantor purports to convey land that he does not own, but to which he subsequently acquires title, such grantor's after-acquired title inures to the benefit of the grantee, provided that the conveyance has been by a full warranty deed. *See Bennett v. Davis*, 90 Me. 457, 460–61, 38 A. 372, 374 (1897).