<div style="margin-right">1840.

Farmers' Loan & Trust Co.
v.
Maltby.</div>

---

### The Farmers' Loan and Trust Company *vs.* Maltby and others.

Where a mortgagor at the time of giving the mortgage had not the legal title to the mortgaged premises, but only the equitable right to a conveyance thereof, and had previous to that time contracted to sell certain portions of the premises to persons who were then in possession under their respective contracts, and such purchasers, after the mortgagor had obtained the legal title to the premises, and after the recording of the mortgage but without any notice thereof, obtained from such mortgagor conveyances for their respective portions of the premises, and paid part of the purchase money therefor, and secured the residue by mortgage upon their several lots; *Held*, that the mortgagee, who merely obtained an equitable lien upon the premises by his mortgage, could only enforce such lien, as against the lots of such purchasers, to the extent of the unpaid purchase money which remained due when they received actual notice of the existence of such mortgage; and that the recording of the mortgage was not constructive notice to such purchasers of the giving thereof by their grantor before he obtained the legal title to the mortgaged premises.

A purchaser is not required to search for mortgages upon the premises purchased, as against his grantor, previous to the time such grantor obtained his title thereto. And where such purchaser obtains the legal title to the

1840.

Farmers' Loan
& Trust Co.
v.
Maltby.

May 5.

premises, and pays for the same, before he has actual notice of the existence of a prior equitable mortgage thereon, his legal title will prevail against the prior equity of the mortgagee.

THE bill in this cause was filed to foreclose a mortgage given to the complainants, by the defendant Maltby, in October, 1835, on four lots in Buffalo, numbered on a diagram annexed to the answer in this cause, lots 1, 2, 3 and 4 ; which mortgage was recorded on the 10th of the same month. The cause was heard upon bill and answer as to the defendants Linhart, Buchanan, and Hodge ; and upon the bill taken as confessed as to the other defendants. The facts of the case, so far as they are necessary to understand the decision of the chancellor, are stated in his opinion;

*W. C. Noyes*, for the complainants;

*Nelson Ford*, for the defendants Linhart, Buchanan and Hodge.

THE CHANCELLOR. The bill in this cause is filed to foreclose a mortgage given by the defendant Maltby on a tract of land in Buffalo; consisting of four pieces, according to a diagram annexed to the answer of the defendants Linhart, Buchanan and Hodge, numbered lots 1, 2, 3 and 4. The mortgage to the complainants was given in October, 1835, for $5000, and interest, and was recorded on the 10th of October. At that time Linhart was in possession of No. 2, Buchanan of No. 1, and Hodge of No. 3, under contracts to purchase of Maltby. And I infer, from the answer, that Maltby himself had *not then* the legal title to the premises ; but that he had a contract to purchase from Squires, which he consummated by obtaining a deed previous to the conveyances to these three defendants, about the 1st of May, 1836. The only question therefore is whether the defendants are to lose the payments they made to Maltby, before they had actual notice of the complainants' mortgage. If I am right in supposing that the title

1840.

Farmers' Loan
& Trust Co.
v.
Maltby.

was not in Maltby at the time he gave the mortgage to the complainants, so that they only got an equitable lien on the premises by that mortgage, and that Maltby got his deed from Squires afterwards, then the defendants were not chargeable with constructive notice of the mortgage at the time they took their deeds from Maltby, in May, 1836. In taking conveyances from him, they would not search for mortgages against him previous to the date of his deed from Squires ; as they were in possession under contracts to purchase, the prior equitable lien of the complainants' mortgage cannot prevail against the legal title which they acquired under their deeds from Maltby, unless they had notice sufficient to put them on inquiry. The defendants all deny any knowledge of the giving of the complainants' mortgage ; and upon bill and answer that must be taken to be true. The result is that Linhart's lot, No. 2, must be discharged from the lien of the mortgage to the complainants ; as his purchase money was all paid at or before he took his deed in May, 1836. That is, a part was paid and the residue was included in Buchanan's bond and mortgage ; who had previously assumed the payment of it for a valuable consideration, paid by Linhart in the sale of his interest in No. 1. The lots of Buchanan and Hodge are only to be charged with the amount due on their respective bonds and mortgages. Hodge's lot is to be charged to the extent of $771,43, and interest thereon from the 1st of May, 1837 ; that being the amount of the six last instalments on Hodge's bond and mortgage to Maltby, the first instalment and interest to May, 1837, having been paid. And Buchanan's lot is to be charged to the extent of $1011,12, and interest from the 1st of May, 1837 ; that being the amount of the seven last instalments on his bond and mortgage.

If the defendants had given the complainants notice of their respective claims, and had offered to pay the amounts remaining due from them respectively, in part discharge of the complainants' mortgage, upon having their lots released, it might have been a proper case to charge the complain-

ants with the costs, for not stating their rights in the bill so as to save the necessity of the answer. But as it is, I think the costs of both parties should be paid out of the proceeds of the sale. The decree will therefore direct that lot No. 4, as mentioned in the schedule annexed to the answer, and which is first chargeable, be first sold ; and that out of the proceeds of that sale the master, after paying his own fees, &c. pay the costs both of the complainants and of the defendants who have answered : Secondly, that he pay $57,72, the amount disbursed by the complainants for taxes, &c. and interest thereon from 31st August, 1839 ; and then that he pay the amount due on the mortgage, as reported by the master, with interest from same time. If the proceeds of that sale are not sufficient to pay the bal-ance, then that he proceed to sell the lots of Hodge and Buchanan, unless they shall, before the sale respectively, pay to him the several amounts which have become due and payable on their respective bonds and mortgages given to Maltby, with the annual interest which has become due thereon. And if they make such payments the master is to apply the moneys so received towards satisfaction of the residue of the complainant's debt, and bring the surplus into court ; with liberty to the complainants to apply for further directions from time to time, as other instalments become due. But if they do not make such payments, then their respective lots are to be sold. And the surplus moneys arising on such sales, after paying the whole amount due and to become due on their mortgages respectively, and the master's commissions and expenses on those partic-ular sales, are to be paid over to the owners of those respec-tive lots. The amounts due or to become due on their several bonds and mortgages are to be applied to the pay-ment of the complainants' debt, and the residue, if any, brought into court to abide its further order.

As the lots of Buchanan and Hodge are only charged to the extent of what is actually due for the purchase money of each lot, which of course the owners of those lots are obliged to pay either to the complainants or to Maltby,

there is no ground for an apportionment between them. And it is of no consequence which of their lots is sold first, if the owner of neither pays the amount which has become due previous to the sale.