H. WINFIELD BENNETT *vs.* CHARLES C. DAVIS.

90   457
p103   433

Cumberland.    Opinion June 19, 1897.

*Deed.    Covenant.    After—Acquired Title.*

Under a quitclaim deed containing a covenant of special warranty "against the lawful claims and demands of all persons claiming by, through or under" the grantor, a title or interest subsequently acquired by the grantor does not inure to the grantee.

*Pike* v. *Galvin*, 29 Maine, 183, re-affirmed.

See *Bennett* v. *Davis*, ante p. 102.

ON REPORT.

This was a petition for partition. The petitioner claimed one-undivided sixth of the premises described. The defendant denied the title of the petitioner and claimed to own the whole premises.

Three brothers, Elbridge, Henry and Joseph, were once seized of the premises, one-third each.

Elbridge gave a deed to Henry, wherein he says: "I do hereby remise, release, bargain, sell and convey and forever quitclaim unto the said Henry, his heirs and assigns, forever a certain lot of land with the buildings thereon" (describing the premises of which partition is sought. A copy of the deed made a part of the case is given below.) "To have and to hold," &c., and warranting the premises against all claims "by, through or under him."

Thereafterwards, Joseph, being seized of one-third, died and Elbridge and Henry inherited one-twelfth each and purchased all the interest of the other heirs in Joseph's lands, giving them one-sixth each in the premises described. This one-sixth Elbridge conveyed to the petitioner, and he now holds the same unless it inured to Henry, the grantee of Elbridge, under the deed before mentioned purporting to convey the whole land, in which case the petitioner had no title and the defendant owned the whole, otherwise five-sixths.

Upon the above statement the case was reported to the law court for decision.

(Deed.)    Know all men by these presents, that I, Elbridge G. Bennett, of Deering, in the County of Cumberland and State of Maine, in consideration the sum of one dollar paid by Henry P. Bennett of said Deering, the receipt whereof I do hereby acknowledge, do hereby remise, release, bargain, sell and convey, and forever quit-claim unto the said Henry P. Bennett, his heirs and assigns forever, a certain lot of land with the buildings thereon situated in said Deering, on the southwesterly side of the road leading from Stroudwater Village to Portland; being the same premises conveyed to Henry P. Bennett, Joseph J. Bennett and Elbridge G. Bennett, by Andrew Gray, by deed dated March 24, 1864, recorded in Cumberland Registry of Deeds, Book 326, Page 534, to which reference may be had for a particular description.

To have and to hold the same, together with all the privileges and appurtenances thereunto belonging, to him the said Henry P. Bennett, his heirs and assigns forever.  And I do covenant with the said grantee, his heirs and assigns, that I will warrant and forever defend the premises to him the said grantee, his heirs and assigns forever, against the lawful claims and demands of all persons claiming by, through, or under me.

In Witness Whereof, I, the said grantor and Sarah S. Bennett, wife of the said Elbridge G. in testimony of her relinquishment of her right of dower in the above described premises, have hereunto set our hands and seals this ninth day of March, in the year of our Lord, one thousand eight hundred and seventy-eight.

ELBRIDGE G. BENNETT,    [Seal.]

SARAH S. BENNETT,         [Seal.]

Signed, sealed and delivered in presence of
      ANDREW HAWES.

(Acknowledged March 9, 1878, and recorded March 12, 1878, in Book 440, page 399, Cumberland Registry.)

*M. P. Frank* and *P. J. Larrabee*; *I. W. Parker*, with them, for plaintiff.

*Geo. Libby*, for defendant.

The defendant claims that the deed of 1878 was a conveyance of the land itself with a covenant real which runs therewith and

that Elbridge G. Bennett, and his grantee claiming under him, are estopped by this deed from claiming or holding any part of the premises therein described.

Where one makes a deed with warranty purporting to convey an entire farm of which he is only tenant in common and afterwards acquires by descent or purchase a title to a further undivided part of the farm, such after-acquired title, inures by way of estoppel to his grantee. *Perry* v. *Kline*, 12 Cush., p. 118; *Knight* v. *Thayer*, 125 Mass. 25; *White* v. *Loring*, 24 Pick. 322; *Somes* v. *Skinner*, 3 Pick. 52.

The petitioner, by the law of estoppel, is barred by this deed from claiming title to any part of these premises; and further, because the fair presumption is that Elbridge G. Bennett did just what he intended to do when he affixed his hand and seal to the deed of 1878.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, SAVAGE, JJ.

EMERY, J.    One Elbridge G. Bennett acquired by inheritance and deed a title to one-undivided sixth of the premises sought to be divided.    After acquiring that title the only conveyance he made of the premises was by his deed to the petitioner.    But before he acquired any title to this one-sixth he executed and delivered to Henry Bennett the deed set out in full in the case. This last named deed was recorded on the day of its date but it does not appear that the petitioner had any notice of it, other than what constructive notice such record would impose upon him. Which grantee is protected under our laws?    The petitioner, the later grantee, relies upon the principle of the registry law.    The respondent claiming under the earlier grantee relies upon the principle of estoppel.

The two principles certainly conflict.    This conflict is frankly acknowledged in forcible language, but ingeniously avoided, in *Salisbury Savings Society* v. *Cutting*, 50 Conn. 118.    The court said:    "If we were called upon to decide this question we should

regard it as one of very serious difficulty, inasmuch as in sustaining the later deed we should have to deny the controlling application to the case of the well-settled principles of estoppel, while in sustaining the prior deed we should have to violate the entire spirit of our registry system, which it is the policy, and we may say in every other case, the unyielding policy, of the law to sustain."

The spirit of the system of registry of deeds, in this country is that when a title has been traced to a party, the search for conveyances or incumbrances made by him may begin at the date of his accession to the title.   *Calder* v. *Chapman,* 52 Penna. St. 359, (91 Am. Dec. 163) ; *Farmer's Trust & Loan Co.* v. *Maltby,* 8 Paige, 361; *Bingham* v. *Kirkland,* 34 N. J. Eq. 229 ; *Doswell* v. *Buchanan,* 3 Leigh, 365, (23 Am. Dec. 280); *Buckingham* v. *Hanna,* 2 Ohio, 551, 557 ; Wade on Notice, § 214; Rawle on Covenants for Title, 428 ; Hare's notes to the *Duchess of Kingston's Case,* 3 Smith's Leading Cases, p. 626 ; Note to *Salisbury Savings Society* v. *Cutting,* 50 Conn. p. 122.   In *McCusker* v. *McEvery,* 9 R. I. 528, the court felt constrained by authority to give effect in that particular case to the doctrine of estoppel, but said "we think a statute is called for in view of this state of the law in order to carry into full effect the policy of our recording act, and to prevent its operating in cases of this kind as a snare rather than as a protection to purchasers."

On the other hand it has been several times held in this state, rather upon authority than reason, that where one has assumed to convey by what is known as a full warranty deed, with warranty against all the world, a parcel of land he did not own, any title afterward coming to him will inure at once to his former grantee. *Lawry* v. *Williams,* 13 Maine, 281; *Baxter* v. *Bradbury,* 20 Maine, 260 ; *Crocker* v. *Pierce,* 31 Maine, 177 ; *Powers* v. *Patten,* 71 Maine, 583.   In the last case cited the court said the rule had been severely criticised in some quarters, but it had become the settled law of this state.

In *Fairbanks* v. *Williamson,* 7 Maine, 96, the rule of estoppel was applied to the case of a deed containing a covenant of non-

claim, i. e. a covenant that the grantor, his heirs and assigns, should never have or make any claim to the conveyed premises.   In *Pike* v. *Galvin*, 29 Maine, 183, however, the court in an elaborate opinion overruled in terms the former case of *Fairbanks* v. *Williamson*, and held that the rule of estoppel should not be applied to a deed with a covenant of non-claim, although the covenant embraced all persons claiming under the grantor or his heirs.   The decision in *Pike* v. *Galvin*, has been repeatedly and distinctly affirmed.   *Partridge* v. *Patten*, 33 Maine, 483 ; *Loomis* v. *Pingree*, 43 Maine, 314 ; *Harriman* v. *Gray*, 49 Maine, 538 ; *Read* v. *Whittemore*, 60 Maine, 481.

There are also cases holding that the rule does not apply to any covenants however full and strong in a deed purporting to convey only the grantor's present right, title or interest.   *Coe* v. *Persons Unknown*, 43 Maine, 432 ; *Ballard* v. *Child*, 46 Maine, 152.   The covenants in these cases were held to apply only to the particular right, title or interest then conveyed and not to any after-acquired title.

Thus we find the law settled in this State as to three classes of deeds,—(1) those of full warranty against all the world,—(2) those with the covenant of non-claim,—and (3) those which purport in terms to convey only the grantor's existing right, title or interest.   Under deeds of the first class an after-acquired title inures to the grantee.   Under deeds of the second and third classes an after-acquired title does not pass to the grantee.

But there seems to be a criterion which, for the purpose of this opinion, may reduce the above named three classes to two,—(1) those in which appears an intent to convey an actual estate and protect it against all the world; and (2) those in which appears the intent to merely transfer whatever estate the grantor then has, with a guaranty against any then conflicting conveyances or incumbrances.   A grantor in a deed of the first class, having assumed to convey an actual estate and to make it good in the grantee, cannot afterward acquire and hold that estate against his grantee, nor convey it to the detriment of his grantee.   He is bound by his covenant to transfer it to his grantee, and the law, as settled in

this State to save circuity of action, holds it to be thus transferred ex vigore legis, even against a subsequent grantee where the first deed was recorded. A grantor in a deed of the second class, not having assumed to convey an actual estate and to make it good against all claims but only to relinquish whatever estate he may have with a guaranty that he has not given any one else any claim to it, is not bound to make any other title or estate good to grantee. If at the time of his deed, he has suffered no one else to acquire any rights or claims under him there can be no breach of his covenant. After such a deed he is free to acquire other titles or estates in the same land, and hold them against his grantee, for he never covenanted against such titles or estates, but only against the title or estate he conveyed, whatever it was.

The particular deed in this case clearly is within the second class last above described. In it there appears no intent to convey and make good an actual estate. It contains the usual language of a deed of quitclaim. It contains no assertion that the grantor has or will convey any actual estate. There is no covenant for such an estate. The covenant is that the grantor had not then given anybody any inconsistent right or claim,—that the grantee need not look for prior conveyances or incumbrances—but could look to his grantor to protect him from such.

The grantor is not bound by that covenant to acquire or extinguish for his grantee any title, estate or incumbrance outstanding in other persons,—not created or suffered by him. If the grantee should be obliged to buy them in or extinguish them to protect his estate, that would be no breach of the covenant. Such outstanding claims in other persons, not created by the grantor, are without the purview of the covenant. Either party may acquire them. If the grantor acquire them, he is not obliged to transfer them to his grantee, and the law does not so transfer them.

The only case in Maine that we find with a deed like this is *White* v. *Erskine*, 10 Maine, 306. There one Moody conveyed to one Young " by deed of quitclaim with special warranty, " but he had prior thereto mortgaged the premises to Stebbins and Otis. Subsequently to his deed to Young he acquired the interest he had

before conveyed to Stebbins.   It was held that this interest inured to his grantee Young.   It was an interest he had himself created, and one he had warranted against.   It was a "lawful claim by, through or under him."   The grantor in the deed in the case at bar could not acquire or hold or convey an estate or interest he had himself created before his deed, but any other estate or interest he was free to acquire and convey.

>    *Judgment for the petitioner for one-undivided sixth*
>    *part of the land, and for partition accordingly.*