Fernando GIOBBI

v.

Udell BRAMSON.

Supreme Judicial Court of Maine.

Submitted on Briefs June 13, 1989.

Decided July 6, 1989.

Jack L. Schwartz, Stephen J. Schwartz, Schwartz, Wilson, Fernald & Foley, Portland, for plaintiff.

Udell Bramson, Portland, pro se.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

In Fernando Giobbi's quiet title action against Udell Bramson, the Superior Court (Cumberland County, *Perkins, J.*) has entered summary judgment declaring Giobbi the owner of Lot 32 on Tax Map U–32 in the Town of Falmouth. The Superior Court set aside as void the default judgment entered in 1979 in Bramson's favor in *Bramson v. Lang,* a quiet title action involving the same lot. In the case at bar, Bramson presented no written response to Giobbi's motion for summary judgment nor has he filed an answer to Giobbi's complaint; he has rested entirely on the 1979 default judgment in his favor. At the time that judgment was rendered, however, Giobbi's grantor, the Town of Falmouth, was the true owner of Lot 32 and had never been made a party to *Bramson v. Lang.* The Superior Court properly found in the record a solid basis for Giobbi's claim of title and none at all for Bramson's. We affirm the judgment.

It is undisputed that Lot 32 was once owned by the defendants in *Bramson v. Lang* (the "Lang family"), successors in interest to Edward Lang, Jr., who acquired the lot on December 21, 1905. Giobbi's chain of title is straightforward. The Lang family were named as the owners in tax liens on Lot 32 recorded by the Town on April 24, 1973, and on April 17, 1974, as well as in several other liens recorded in previous years but discharged by the Town. On October 24, 1974, more than four years before the entry of default judgment against the Lang family in *Bramson v. Lang,* the Town foreclosed the 1973 tax mortgage pursuant to 36 M.R.S.A. § 943 (1978). The Town sold Lot 32 to Giobbi on April 26, 1984.

██ Bramson's claim to Lot 32 is more complex, being based on both a void judgment and a wild deed. On June 12, 1972, some five months before he commenced his quiet title action against the Lang family, Bramson obtained a quitclaim deed to Lot 32 from Christian G. Kragelund. Kragelund's only colorable source of title, itself not recited in his deed to Bramson, was an

invalid tax deed from the Town that Kragelund first disavowed and then recorded.

The deed from the Town to Kragelund was a quitclaim deed executed on January 13, 1961, conveying to Kragelund "any interest the [Town] may have in [Lot 32] by virtue of unpaid taxes for the tax year(s) to and including 1960." At that time, however, the Town had no interest to convey: there was no tax lien of record on Lot 32, nor do the assessor's records show the Lang family owed any delinquent taxes on Lot 32 for any tax year to that date.

It remains a mystery why the Town executed the deed to Kragelund. The attorney who represented the Town in its sale to Giobbi conjectured that the reference to Lot 32 on Map U–32 was a clerical error. The deed remained unrecorded, but the Town began assessing Kragelund as the owner and recorded a tax lien against him on May 21, 1963. Kragelund then requested and received an abatement of the delinquent taxes on the ground that he was not the owner. The Town discharged the tax lien on January 8, 1964, and began once again assessing the Lang family, who were still the only owners of record. Apparently then unaware that a deed to Kragelund had earlier been executed and delivered, the officers of the Town did not obtain a release deed from Kragelund. Only some eight months later, on September 4, did Kragelund record his deed.

■ The deed from Kragelund to Bramson is therefore a nullity. Bramson's quitclaim deed gave him only what his grantor held. See *Manson v. Peaks*, 103 Me. 430, 433, 69 A. 690, 691 (1908). His grantor held nothing. A tax deed, absent evidence that the tax liens were properly foreclosed, is not reliable evidence of title. See *Hann v. Merrill*, 305 A.2d 545, 547 (Me.); Maine State Bar Ass'n Title Standard No. 902 (1984). In the case at bar, not only was there no foreclosure, but there was no lien at all—not even an invalid lien.

■ Bramson gains nothing from the judgment in his favor in *Bramson v. Lang*. The hearing on Bramson's motion for default judgment against the Lang family was held on September 24, 1976. The Lang family failed to appear at that hearing, and for an understandable reason; they had lost Lot 32 to the Town through tax foreclosure almost two years earlier. A default judgment in favor of Bramson and against the Lang family was recorded in the registry of deeds on January 17, 1979. A quiet title judgment, however, is valid only against persons who have adequate notice of the proceedings. See *Lewien v. Cohen*, 432 A.2d 800, 804–05 (Me. 1981). Because Bramson has made no showing that the Town was given any notice of the proceedings in *Bramson v. Lang*, the Superior Court in the case at bar properly declared the prior judgment void as against the Town and its successor in interest, Giobbi.

The Superior Court properly granted summary judgment. There remains no issue of material fact in contradiction of Giobbi's title to Lot 32.

The entry is:

Judgment affirmed.

All concurring.