MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2013 ME 79
Docket:        Yor-13-14
Submitted
 On Briefs:    July 17, 2013
Decided:       September 12, 2013

Panel:         LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE
HARBORVIEW MORTGAGE LOAN TRUST 2005-5, MORTGAGE LOAN
PASS-THROUGH CERTIFICATES, SERIES 2005-5 UNDER POOLING AND
SERVICING AGREEMENT DATED JUNE 1, 2005

v.

KEVIN WILK et al.

LEVY, J.

[¶1]   Kevin Wilk appeals from a judgment of foreclosure entered in the District Court (Biddeford, *Driscoll, J.*) in favor of Deutsche Bank National Trust Company, as trustee of the HarborView Mortgage Loan Trust 2005-5.   Wilk contends that the court erred in finding, following a bench trial, that Deutsche Bank produced sufficient admissible evidence to merit a judgment of foreclosure pursuant to 14 M.R.S. § 6321 (2012).   Because we conclude that Deutsche Bank failed to prove that it is the assignee of the mortgage, we vacate the judgment.

I.  BACKGROUND

[¶2]  In July 2010, Deutsche Bank filed a complaint for foreclosure against Wilk pursuant to 14 M.R.S. § 6321, alleging that Wilk had defaulted on a

2

promissory note held by Deutsche Bank, resulting in the breach of a condition of a corresponding mortgage owned by Deutsche Bank.[1] In support of the complaint's allegations regarding ownership of the mortgage, Deutsche Bank described and attached several documents, including an April 2005 mortgage from Wilk in favor of the original lender's nominee, Mortgage Electronic Registration Systems, Inc. (MERS); a September 2008 assignment from MERS to IndyMac Federal Bank, FSB; and an April 2010 assignment by the Federal Deposit Insurance Corporation (FDIC), as the receiver for IndyMac, to Deutsche Bank. Wilk filed an answer, which included a general denial of Deutsche Bank's allegations relating to the two mortgage assignments, but did not specifically deny the authenticity of the note.[2]

[¶3] The District Court held a trial in June 2012 at which both parties were represented by counsel. The court admitted in evidence the promissory note, the mortgage, and several assignments of the mortgage.

[¶4] The note shows that in April 2005, Luxury Mortgage Corporation loaned Wilk $459,375 in exchange for Wilk's promise to repay the loan, secured by a mortgage deed to Wilk's property in Kennebunk. The note is indorsed in blank, although Deutsche Bank did not elicit any testimony regarding the capacity

---

[1] The complaint also names two parties in interest—Nina E. Wilk, as Kevin Wilk's assignee of the property subject to the mortgage, and the Department of the Treasury, Internal Revenue Service, as the holder of a tax lien against the Wilks. *See* 14 M.R.S. § 6321 (2012).

[2] Because this property is not "an owner-occupied residential real property," this case was not referred to the foreclosure mediation program. *See* 14 M.R.S. § 6321-A(2) (2012).

of the indorser or when the indorsement was made. The mortgage deed is in favor of MERS, as nominee for Luxury Mortgage.

[¶5] The assignments of the mortgage in evidence are (1) a September 2008 assignment from MERS to IndyMac; (2) a March 2011 "Confirmatory Assignment," which purports that MERS was acting in its capacity as Luxury Mortgage's nominee when it assigned the mortgage to IndyMac; (3) a July 2011 assignment from the FDIC, as the receiver for IndyMac, to OneWest Bank, FSB; and (4) a June 2011 assignment from OneWest Bank to Deutsche Bank, executed approximately two weeks prior to the FDIC conveyance to OneWest Bank, purporting to grant "all interest" OneWest Bank then held in the mortgage to Deutsche Bank. On cross-examination by Wilk, Deutsche Bank's only witness confirmed that the assignment from OneWest Bank to Deutsche Bank was prior in time to the assignment from the FDIC to OneWest Bank. Deutsche Bank did not introduce in evidence the April 2010 mortgage assignment, which it had attached to the complaint and which purported to transfer the mortgage from the FDIC to Deutsche Bank.

[¶6] In his closing argument, Wilk contended that Deutsche Bank had failed to meet the statutory requirements for foreclosure because it had not proved the chain of ownership of the note or the mortgage. Deutsche Bank countered that

4

even if it had not proved all of the assignments of the mortgage, it was entitled to a judgment in its favor based on estoppel by after-acquired property.

[¶7] The court entered a judgment of foreclosure for Deutsche Bank pursuant to 14 M.R.S. §§ 6321, 6322 (2012), concluding that Deutsche Bank was entitled to enforce the note as its holder. With regard to the mortgage, the court found that the assignments appended to the complaint proved a chain of assignments from MERS to IndyMac, then from the FDIC, as the receiver for IndyMac, to Deutsche Bank. Accordingly, the court entered a judgment of foreclosure for Deutsche Bank in the amount of $625,925.74, plus attorney fees of $4210, attorney disbursements of $1275.80, and post-judgment interest.

[¶8] Wilk filed a motion for additional findings regarding the note, pursuant to M.R. Civ. P. 52. The court denied Wilk's motion, and this appeal followed.

## II. DISCUSSION

[¶9] Wilk contends that the trial court erred in entering a judgment of foreclosure because Deutsche Bank failed to produce competent evidence to satisfy the requirements of 14 M.R.S. § 6321 with regard to (A) its right to enforce the promissory note, and (B) its ownership of the mortgage. We begin with Wilk's contentions regarding the promissory note.

A.      Deutsche Bank's Right to Enforce the Promissory Note

[¶10]   Wilk contends that the court erred in finding that Deutsche Bank is the holder of the note.  Because Deutsche Bank introduced the note into evidence, thereby establishing that it was in possession of the note, and because the note was indorsed in blank, the record supports the court's finding that Deutsche Bank qualified as a holder as "[t]he person in possession of a negotiable instrument that is payable . . . to bearer."[3]  *See* 11 M.R.S. §§ 1-1201(21)(a), 3-1205(1), (2) (2012); *U.S. Bank, Nat'l Ass'n as Trustee for the MLMI SURF Trust Series 2006-BC2 v. Thomes*, 2013 ME 60, ¶¶ 5, 11, --- A.3d ---; *Woodworth v. Gaddis*, 2012 ME 138, ¶ 10, 58 A.3d 1109.  Further, and contrary to Wilk's additional argument, the court properly admitted the testimony of an employee of Deutsche Bank's loan servicer to establish the loan servicer's regular business practices and that it was in possession of the note as Deutsche Bank's agent.  *See* M.R. Evid. 803(6); *Beneficial Maine Inc. v. Carter*, 2011 ME 77, ¶¶ 9, 12-14, 25 A.3d 96.  Accordingly, the court did not err in concluding that Deutsche Bank was entitled to enforce the note, as its holder, in accordance with the requirements of 14 M.R.S. § 6321.  *See* 11 M.R.S. § 3-1301(1) (2012); *Thomes*, 2013 ME 60, ¶¶ 5, 11, ---

---

[3] Because Wilk's pleadings did not specifically deny the authenticity of the indorser's signature on the note or the capacity of the indorser, this issue is deemed admitted.  *See* 11 M.R.S. § 3-1308(1) (2012) ("In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings.").

6

A.3d ---.  We are unpersuaded by Wilk's remaining arguments regarding Deutsche Bank's right to enforce the note, and do not address them separately.

B.    Deutsche Bank's Ownership of the Mortgage

[¶11]  Wilk next contends that the trial court erred in finding that Deutsche Bank owned the mortgage.  A party seeking foreclosure by civil action must be "the mortgagee or any person claiming under the mortgagee," and must "produce evidence of . . . all assignments . . . of the . . . mortgage."  14 M.R.S. § 6321; *see also Bank of America, N.A. v. Cloutier*, 2013 ME 17, ¶ 13, --- A.3d ---.  We review for clear error a trial court's factual findings underlying a judgment of foreclosure.  *See KeyBank Nat'l Ass'n v. Sargent*, 2000 ME 153, ¶ 35, 758 A.2d 528.

[¶12]  We agree with Wilk that the trial evidence does not support a finding that Deutsche Bank received the mortgage by assignment.  The evidence shows a series of assignments from the original lender leading to OneWest Bank.  But the series ends with OneWest Bank, which purported to assign its interest in the mortgage to Deutsche Bank two weeks *before* OneWest Bank acquired the mortgage.  Thus, at the time OneWest Bank attempted to assign the mortgage to Deutsche Bank, it could not transfer any interest in the mortgage.  *Cf. Wells v. Powers*, 2005 ME 62, ¶ 4, 873 A.2d 361 (providing that "a deed may convey only property that was owned by the grantor"); *Giobbi v. Bramson*, 560 A.2d 1079,

1080 (Me. 1989) (holding that a quitclaim deed is a nullity when it purports to convey real property not then owned by the purported grantor).

[¶13]   To overcome this defect, Deutsche Bank argues that (1) the court properly considered the assignments attached to the complaint, which show that Deutsche Bank was assigned the mortgage, and (2) any error in the court's consideration of the assignments attached to the complaint was harmless.   We consider each contention in turn.

1.      Documents Attached to the Complaint

[¶14]   The opportunity to challenge evidence offered against a litigant is a fundamental guarantee of our adversary system.   *See Jusseaume v. Ducatt*, 2011 ME 43, ¶ 12, 15 A.3d 714.   Thus, a fact-finder may not consider facts not properly in evidence or made part of the record.   *See Coty v. Town of Millinocket*, 391 A.2d 826, 830 (Me. 1978); *see also Efstathiou v. The Aspinquid, Inc.*, 2008 ME 145, ¶ 58, 956 A.2d 110 (suggesting that it is error for a court to consider facts not in the trial court record).   But a trial court may base its judgment on materials not expressly admitted in evidence, including pleadings, provided that the court can properly take judicial notice of those materials pursuant to M.R. Evid. 201.   *See, e.g., Union Mut. Fire Ins. Co. v. Inhabitants of Topsham*, 441 A.2d 1012, 1016-17 (Me. 1982) (recognizing that, in rendering a judgment on an insurer's duty to defend, the trial court did not err in taking judicial notice of the

8

complaint giving rise to the alleged duty to defend, even though the parties did not introduce the complaint in evidence); *see also* Field & Murray, *Maine Evidence* § 201.3 (6th ed. 2007) ("A court will take judicial notice [pursuant to M.R. Evid. 201(b)(2)] of pleadings, dockets, and other records of that court in the same or in other lawsuits.").

[¶15]  A court may sua sponte take judicial notice of facts, *see* M.R. Evid. 201(c), but such notice is appropriate only if a fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  M.R. Evid. 201(b)(2).  We have previously recognized that Rule 201(b) permits a court to take judicial notice of, among other things, the existence of certain court records,[4] government-issued statistics,[5] and the reliability of Horizontal Gaze Nystagmus (HGN) tests in operating under the influence cases.[6]

[¶16]  Here, Deutsche Bank's ownership of the mortgage is not a fact susceptible to proof by judicial notice pursuant to Rule 201(b)(2).  Comparison of

---

[4]  *See, e.g., Burnell v. Burnell*, 2012 ME 24, ¶ 13 n.4, 40 A.3d 390 (a judge's handwritten notes); *In re Pike Family Trusts*, 2012 ME 8, ¶ 2 n.2, 38 A.3d 329 (a will that was uncontested and part of the record in a different case); *Guardianship of Jewel M.*, 2010 ME 80, ¶ 24, 2 A.3d 301 (protection from abuse orders); *Philbrook v. Theriault*, 2008 ME 152, ¶ 14, 957 A.2d 74 (prior divorce proceedings involving a party); *Nadeau v. Nadeau*, 2008 ME 147, ¶ 65, 957 A.2d 108 (per curiam) (the existence of prior lawsuits involving a party); *Facilitators Improving Salmonid Habitat v. Towns Of Winterport & Frankfort*, 2003 ME 33, ¶ 5, 819 A.2d 325 (prior actions involving the parties); *Phelan v. St. Johnsbury Trucking*, 526 A.2d 584, 587 (Me. 1987) (a settlement between the parties).

[5]  *See, e.g., Bard v. Lord*, 2010 ME 48, ¶ 7, 997 A.2d 101; *Wrenn v. Lewis*, 2003 ME 29, ¶ 23 n.4, 818 A.2d 1005.

[6]  *See, e.g., State v. Moulton*, 1997 ME 228, ¶ 17, 704 A.2d 361; *State v. Taylor*, 1997 ME 81, ¶ 10, 694 A.2d 907.

the mortgage assignments attached to the complaint with the assignments introduced in evidence reveals that the FDIC twice purported to assign the same mortgage. The attachments to the complaint reflect that in April 2010, the FDIC purported to assign the mortgage to Deutsche Bank. The trial exhibits reflect that over a year later, the FDIC purported to assign the same mortgage to OneWest Bank. Deutsche Bank offers no explanation for this conflicting set of assignments.

[¶17] In light of this conflicting information, the April 2010 assignment of the mortgage to Deutsche Bank, upon which the court relied, is not a "source[] whose accuracy cannot reasonably be questioned" as a means of "accurate and ready" proof of Deutsche Bank's ownership of the mortgage. *See* M.R. Evid. 201(b)(2); *see also HSBC Mortg. Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 15 n.8, 19 A.3d 815 (recognizing "the recurring problem of [plaintiffs] submitting unreliable affidavits and documents in residential foreclosure proceedings"). Accordingly, it was error for the court to consider the assignments attached to Deutsche Bank's pleadings but not properly admitted in evidence. *See Jusseaume*, 2011 ME 43, ¶ 12, 15 A.3d 714; *Coty*, 391 A.2d at 830.

2.      Harmless Error

[¶18] Deutsche Bank next contends that even if the court erred in considering documents not in evidence, the error was harmless because the trial evidence shows that the Bank acquired ownership of the mortgage by virtue of the

doctrine of estoppel by after-acquired property. Rule 61 of the Maine Rules of Civil Procedure provides, "No error in either the admission or the exclusion of evidence . . . or in anything done or omitted by the court or by any of the parties is ground for" disturbing a judgment unless the failure to do so is "inconsistent with substantial justice." M.R. Civ. P. 61.

[¶19] Because we may affirm a trial court's judgment "on a ground not relied upon by the trial court," we consider Deutsche Bank's argument regarding estoppel by after-acquired property. *See Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2010 ME 79, ¶ 18, 2 A.3d 289. "Pursuant to the doctrine of estoppel by after-acquired property, if a grantor purports to convey land that he does not own, but to which he subsequently acquires title, such grantor's after-acquired title inures to the benefit of the grantee, provided that the conveyance has been by a full warranty deed." *Libby v. Brooks*, 653 A.2d 422, 424 n.1 (Me. 1995) (citing *Bennett v. Davis*, 90 Me. 457, 460-61, 38 A. 372 (1897)). However, "[w]here one has made a conveyance of land by deed containing no covenant of warranty, an after acquired title will not enure or be transferred to the vendee; nor will the vendor be estopped to set up his title subsequently acquired, unless by doing so he be obliged to deny or contradict some fact alleged in his former conveyance." *Pike v. Galvin*, 29 Me. 183, 185 (1848).

[¶20] Estoppel by after-acquired property does not apply here. The disputed assignment from OneWest Bank to Deutsche Bank did not involve a warranty deed or contain any factual allegation that OneWest Bank would need to contradict to assert title to the mortgage. The assignment purports to transfer "all interest" OneWest Bank then held in the mortgage, without alleging that OneWest Bank had any interest to convey or making any other statement that could be interpreted to estop OneWest Bank from claiming title. Thus, Deutsche Bank has failed to establish its ownership of the mortgage by this theory. *See id.*; *Bennett*, 90 Me. at 461-62, 38 A. 372.

[¶21] Contrary to Deutsche Bank's contentions, harmless error has no other application to the circumstances of this case. Deutsche Bank failed to introduce evidence that it had received the mortgage by proper assignment. Deutsche Bank did not introduce the April 2010 assignment that it had attached to its complaint to show ownership of the mortgage as a trial exhibit, nor did it seek to reopen the trial record for this purpose. As a result, Wilk never had the opportunity to challenge the April 2010 assignment, *see Jusseaume*, 2011 ME 43, ¶ 12, 15 A.3d 714 (recognizing that "due process guarantees the right to respond to evidence"). Under these circumstances, applying the harmless error rule would be "inconsistent with substantial justice." *See* M.R. Civ. P. 61.

12

[¶22]  Because Deutsche Bank failed to introduce competent evidence at trial to prove that it owns the mortgage, the trial court erred in concluding that the Bank was entitled to a judgment of foreclosure.  *See* 14 M.R.S. § 6321; *Sargent,* 2000 ME 153, ¶ 35, 758 A.2d 528.

The entry is:

> Judgment vacated.  Remanded to the District Court
> for entry of a judgment denying foreclosure.

_____

**On the briefs:**

Stephen Y. Hodsdon, Esq., and Matthew J. Williams, Esq.,
Hodsdon & Ayer, Kennebunk, for appellant Kevin Wilk

Elizabeth M. Crowe, Esq., Bendett & McHugh, P.C.,
Farmington, Connecticut, for appellee Deutsche Bank

Biddeford District Court docket number RE-2010-166
FOR CLERK REFERENCE ONLY