ENTERED OCT 2 3 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVL ACTION
Docket No. RE-14-0062
CUM-RAC-10-17-14

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR SECURITIZED ASSET
BACKED RECIEVABLES LLC
TRUST 2004-NC1,
                Plaintiff

ORDER ON PLAINTIFF'S MOTION TO
DISMISS AND DENIAL OF ALL OTHER
PENDING MOTIONS

v.

ELIZABETH C. ARSENAULT,
                Defendant

And

WELLS FARGO FINANCIAL MAINE, INC.,

And

MIDLAND FUNDING, LLC.,
                Parties-in-interest

STATE OF MAINE
Cumberland ss. Clerk's Office

OCT 17 2014

RECEIVED

Before the Court is a motion by the Plaintiff, Deutsche Bank National Trust Company, to dismiss its complaint seeking foreclosure of the Defendant, Elizabeth Arsenault's, mortgage. *See* 14 M.R.S. § 6321-6325 (2013); M.R. Civ. P. 41(a)(2). The Defendant filed a limited objection to the Plaintiff's motion, arguing that the Plaintiff's action for foreclosure should be dismissed with prejudice because it is barred by the doctrine of res judicata and contending that she should be allowed to proceed on her pending counterclaims. The parties-in-interest have not submitted a response to the Plaintiff's motion to dismiss. After careful consideration, the Plaintiff's motion to dismiss is GRANTED and all other motions pending before the Court are DENIED.

## I. Case History

The case before the Court has a long and tortured history. According to the Plaintiff's 2014 complaint, the Defendant signed a note for $189,100 and executed a mortgage on her residential property in Yarmouth to secure the note in December of 2003. (Pl.'s Compl. ¶¶ 6, 9.) In February of 2006, following the Defendant's default on the note and mortgage, the Plaintiff filed its first action seeking foreclosure of the Defendant's mortgage. *See Deutsche Bank Nat. Trust v. Arsenault*, No. 06-RE-56 (Me. Dist. Ct., Portland); *see also* M.R. Evid. 201; *Deutsche Bank Nat. Trust. Co. v. Wilk*, 2013 ME 79, ¶ 15 n.4, 76 A.3d 363 (stating that the Court may take judicial notice of the existence of certain court records). In July of 2006, the parties agreed to a loan modification that increased the principal balance owed to $205,067.23 and the Defendant remained in the property making payments pursuant to the modification.[1] (Pl.'s Compl. ¶ 8.) However, the Defendant allegedly defaulted on her obligations under the modified note and mortgage in November of 2008 and she has not cured the default since that time. (Pl.'s Compl. ¶ 15.)

In the summer of 2008, prior to the alleged default date listed in the Plaintiff's 2014 complaint, the Plaintiff filed a second foreclosure action alleging the defendant defaulted on the modified note and mortgage by failing to make the monthly payments due March 1, 2008 and all payments due thereafter. *See Deutsche Bank Nat. Trust v. Arsenault*, No. 08-RE-337 (Me. Dist. Ct., Portland); (Pl.'s Compl. ¶ 15; Pl.'s 2008 Compl. ¶ 11). In that action, the Defendant and the

[1] In August of 2006, the District Court (Portland, *Horton, J.*) issued a default and summary judgment of foreclosure and sale in the Plaintiff's favor. *See Deutsche Bank Nat. Trust v. Arsenault*, No. 06-RE-56 (Me. Dist. Ct., Portland, Aug. 10, 2006). The Plaintiff has waived its right to the enforcement of this judgment by: executing a loan modification; accepting payments from the Defendant in July and August of 2006, prior to the issuance of the judgment, *see* 14 M.R.S. § 6321; and not enforcing the judgment within the statutory timeframe allowed. The Court notes that it would have been better practice for Plaintiff to have informed the Court of the agreed modification in July of 2006, prior to the Court acting on the Plaintiff's motion for default and summary judgment in order to avoid the unnecessary expenditure of scarce judicial resources.

2

parties-in-interest filed answers but no further action was taken until August 11, 2011, when the Court mailed a notice of its intention to dismiss the action with prejudice pursuant to M.R. Civ. P. 41(b) for want of prosecution. The Plaintiff then filed a motion to retain the case on the docket, which the Court (Portland, *Goranites J.*) denied, and the Plaintiff's foreclosure action was dismissed with prejudice in the fall of 2011. *Deutsche Bank Nat. Trust v. Arsenault*, No. 08-RE-337 (Me. Dist. Ct., Portland, Oct. 13, 2011); (Pl. 2011 Mot. Retain).

In February of 2014, the Plaintiff filed its third action seeking foreclosure of the Defendant's mortgage based on the Defendant's default on the same modified note and mortgage that formed the basis of the 2008 action. (Pl.'s 2008 Compl. ¶¶6-7, 11; Pl.'s Compl. ¶¶ 6, 8-9, 15.) The Defendant filed an answer and requested mediation. (Def.'s Ans. ¶¶ 1-2.) While the action was pending in mediation, the Defendant filed a motion to amend her answer to add various affirmative defenses and counterclaims. *See* M.R. Civ. P. 15(a); (Def.'s Amd. Ans. ¶¶ 1-196). The Defendant also filed a motion seeking to join Litton Loan Servicing (Litton) and Ocwen Loan Servicing (Ocwen) as plaintiffs or counterclaim defendants. *See* M.R. Civ. P. 19, 20; (Def.'s Mot. Join). The Plaintiff submitted an objection to both of the Defendant's motions and on July 29, 2014, the Court granted the Defendant's motion to amend her answer and the Defendant's counterclaims were added.[2] The Court took no action regarding the Defendant's motion to join Litton or Ocwen.

Following an unsuccessful attempt at mediation, the Defendant filed a second motion to amend her answer and add affirmative defenses and counterclaims.[3] (Def.'s 2nd Mot. Amd.)

---

[2] Both the Plaintiff and the Defendant appear to be operating under the misconception that the Defendant's first motion to amend her answer was not ruled on and is still pending before the Court. Although the order was entered as "other motion" on the docket, a careful review of the Court's file by either party would have revealed that the motion had already been granted.

[3] The Defendant's second amended answer does not add any additional counterclaims against the Plaintiff.

3

Only then did the Defendant attempt to add the affirmative defense of res judicata, which the Defendant omitted from the first amended answer. (Def.'s 2nd Mot. Amd. ¶¶ 139-43.) However, the Defendant knew or should have known that the Plaintiff's 2008 foreclosure action was dismissed with prejudice at the time she filed her first amended answer. And, because the Defendant's second motion to amend is denied by this order, the Defendant has waived the defense of res judicata. *See* M.R. Civ. P 8(c); *Currier v. Cyr*, 570 A.2d 1205, 1209 (Me. 1990) (stating that claims of res judicata are waived if not raised in the pleadings); *accord Conary v. Perkins*, 464 A.2d 972, 975 (Me. 1983).

Following the Defendant's filing of her second motion to amend her answer, the Plaintiff filed a motion to voluntarily dismiss its complaint for foreclosure in light of the recent Law Court decision in *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700. *See* M.R. Civ. P. 41(a)(2); (Pl.'s Mot. Dismiss). The Plaintiff argues that the notice of the mortgagor's right to cure, *see* 14 M.R.S. § 6111 (2013), sent to the Defendant is defective and, therefore, the Plaintiff cannot obtain a judgment against the Defendant. (Pl.'s Mot. Dismiss.) The Plaintiff then filed a letter stating that it "waives its right of foreclosure."[4]

The Defendant opposes dismissal of the action without prejudice arguing that the case should be dismissed with prejudice because it is barred by the doctrine of res judicata and contends that her counterclaims should remain pending according to M.R. Civ. P. 41(a)(2). (Def.'s Opp'n to Pl.'s Mot. Dismiss.) Additionally, the Defendant argues that she will be prejudiced if her pending counterclaims are dismissed with the Plaintiff's foreclosure action

---

[4] It is unclear what affect the Plaintiff's waiver of foreclosure is intended to have and the Plaintiff's letter cites no authority for its right to unilaterally "waive" the foreclosure mid-litigation absent the Court's permission. If the Plaintiff is attempting to proceed in an action on the note in order to avoid the statutory requirements of a mortgage foreclosure, it would need to file a new action or amend its complaint. However, the issue is no longer of any import given that the Court is granting the Plaintiff's motion to dismiss its foreclosure action.

4

because the statute of limitations on some of her counterclaims have now passed. (Def.'s Opp'n to Pl.'s Mot. Dismiss.)

## II.   Motion to Dismiss

A court may dismiss an action upon the motion of a party pursuant to M.R. Civ. P. 41(a)(2) "upon such terms and conditions as the court deems proper." However, if the Defendant has pleaded any counterclaims prior to the service of the Plaintiff's motion to dismiss, those claims remain pending for independent adjudication by the court. M.R. Civ. P. 41(a)(2).

The Court concludes that the action should be dismissed without prejudice in the interests of judicial economy. It is clear that the Plaintiff cannot establish the eight elements required to support a judgment of foreclosure because the notice allegedly sent to the Defendant does not strictly comply with 14 M.R.S. § 6111. *See Greenleaf*, 2014 ME 89, ¶¶ 18, 29-31, 96 A.3d 700. Dismissing the action therefore preserves scarce judicial resources for other cases where the Plaintiff is able to meet its burden.

However, the Plaintiff may not tax to the Defendant any legal fees and costs it incurred during this, its third foreclosure action. *See* M.R. Civ. P. 41(a)(2) (stating that the Court may dismiss an action "upon such terms and conditions as the court deems proper"). To allow the Plaintiff to add its legal fees and costs for yet another action, after a prior dismissal with prejudice, would be inequitable and unnecessarily add to the already staggering amount of arrears that have been caused, at least in part, by the Plaintiff's delay.

Contrary to the Defendant's contentions, dismissal of the Plaintiff's foreclosure action without prejudice under the facts of this case does not provide the Plaintiff with an opportunity to re-file it's the case carte blanche. The Plaintiff's 2008 foreclosure action was dismissed with prejudice and any future action for foreclosure commenced by the Plaintiff will be subject to res

5

judicata to the same extent it would be if this Court were to dismiss this action with prejudice. Presumably, in any future action, the Defendant will timely plead the affirmative defense of res judicata so as to avoid waiving it as the Defendant has in this action.

Furthermore, dismissal of the Plaintiff's complaint without prejudice does not prejudice the Defendant in any way. The Defendant's counterclaims remain pending because the Defendant's counterclaims were added when her first motion to amend her answer was granted on July 29, 2014, prior to service of the Plaintiff's motion to dismiss. *See* M.R. Civ. P. 41(a)(2). Furthermore, as discussed above, dismissal of the action provides the Defendant an opportunity to timely assert that the Plaintiff's action is barred by the doctrine of res judicata in any future action.

Finally, even if the Court dismissed this action with prejudice, it is entirely possible that the Plaintiff would nonetheless file another foreclosure action given the arguments the Plaintiff advances in its filings regarding the affect of a dismissal with prejudice in a residential foreclosure case. (*See* Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. Dismiss.) The Plaintiff is clearly not of the opinion that the prior dismissal with prejudice bars subsequent actions for the same default in this case. Therefore, a dismissal with prejudice is unlikely to provide the Defendant with the finality she seeks. However, because the Defendant waived the issue of res judicata in this case, the Court need not decide the ramifications of the prior dismissal with prejudice on this foreclosure action.

## III. Conclusion

For the reasons discussed above, the Plaintiff's motion to dismiss is GRANTED and the foreclosure action is DISMISSED WITHOUT PREJUDICE. The Plaintiff may not add any of the legal fees and costs it incurred for this action to the amount the Defendant owes on the note

and mortgage. The counterclaims asserted in the Defendant's first amended answer against the Plaintiff remain pending for independent adjudication pursuant to M.R. Civ. P. 41(a)(2). All other pending motions are DENIED.

**The entry shall be:**

The Plaintiff's motion to dismiss pursuant to M.R. Civ. P. 41(a)(2) GRANTED and the Plaintiff's foreclosure action is hereby DISMISSED without prejudice and the Plaintiff may not tax any legal costs and fees associated with this action to the Defendant under the mortgage. The Defendant's counterclaims remain for independent adjudication. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _October 17, 2014_

Hon. Roland Cole
Justice, Superior Court

7

RK OF COURTS
ıberle⸗ ' County
ry Stı    , Ground Floor
:land, ME 04101

Elizabeth Arsenault
28 Smith Street
Yarmouth ME 04096



K OF ᴜOURTS
ᴐerland County
y Street, Ground Floor
ɜnd, ME 04101

Andrea Holbrook Esq
30 Danforth St Ste. 104
PortladnME 04101

