STATE OF MAINE
CUMBERLAND ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-14-374

BATH SAVINGS INSTITUTION
                            Plaintiff

ORDER ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

V.

SUZAN M. ELICHAA,
                            Defendant

And

F.W.WEBB COMPANY,
MAINE REVENUE SERVICE,
UNITIL d/b/a NORTHERN UTILITIES ME GAS,
                Parties-in-interest

STATE OF MAINE
Cumberland. ss. Clerk's Office

JUL 3 0 2015

RECEIVED

Before the Court is the Plaintiff's motion for summary judgment in its action seeking foreclosure of two mortgages encumbering the Defendant's property located in Falmouth. *See* 14 M.R.S. §§ 6321-6326 (2014); M.R. Civ. P. 56. The Defendant, Suzan Elichaa, has appeared in this action but has not filed an opposition to the Plaintiff's motion. The Maine Revenue Service, a party in interest to this action, has appeared but has not filed an opposition to the Plaintiff's motion. Parties in interest F.W. Webb and Unitil have not appeared and the Court entered defaults against those parties on January 9, 2015.

However, regardless of the sufficiency of the Defendant's response, the Court cannot grant the Plaintiff's motion because, as discussed below, the affidavit submitted by Marcia Hennessey is untrustworthy. *See HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 11, 19 A.3d 815 (concluding that inconsistencies in a affidavit submitted upon summary judgment made the affidavit inherently untrustworthy). And, even if the Court were to consider Hennessey's affidavit, the Plaintiff failed to properly support certain statements of material fact necessary for

the Court to issue a summary judgment of foreclosure and sale. *See* M.R. Civ. P. 56(h)(4) (stating that the Court may disregard a statement of material fact "not supported by citation to record material properly considered on summary judgment"); *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 8, 28 A.3d 1158; *see also Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citing *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508) (setting forth the essential elements of proof necessary to support a judgment of foreclosure).

The Plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting a summary judgment in a foreclosure action. M.R. Civ. P. 56(j).[1] The Court must determine if the requirements of Rule 56(j) have been met and also whether the Plaintiff has set forth in its statements of material fact the evidence necessary for a judgment in a mortgage foreclosure. *See Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700. The Court must apply the rules of summary judgment strictly when determining whether the Plaintiff has properly supported the necessary statements of material fact for a judgment of foreclosure. *Gabay*, 2011 ME 101, ¶ 9, 28 A.3d 1158.

## I.    Trustworthiness of the Hennessey Affidavit

After reviewing the Plaintiff's motion, the Court concludes that the affidavit submitted by Marcia Hennessey is untrustworthy with regard to whether the Plaintiff owns the Defendant's mortgage. In the context of summary judgment practice, the Court may take into account any

---

[1] Maine Rule of Civil Procedure 56(j) states:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

2

"substantial errors or defects in an affidavit submitted in conjunction with the moving party's statement of material facts" when determining the trustworthiness of the affidavit. *Murphy*, 2011 ME 59, ¶ 11, 19 A.3d 815. Serious irregularities in an affidavit can make an affidavit untrustworthy. *Id.* ¶ 12. Although the Court is generally constrained from searching the record beyond the statements of material fact, the Court "may consider evidence not identified in statements of material fact when, having become aware of such evidence, it would be an injustice to ignore it." *Id.* ¶ 16 n.9 (citing *Ricci v. Applebee's Ne., Inc.*, 297 F.Supp.2d 311, 321 (D. Me. 2003)). Furthermore, "Rule 201(b) permits a court to take judicial notice of, among other things, the existence of certain court records." *Deutsche Bank Nat'l Trust Co. v. Wilk*, 2013 ME 79, ¶ 15, 76 A.3d 363.

This is the Plaintiff's second foreclosure action and the second affidavit that Hennessey has submitted regarding the first priority mortgage on the property. The Plaintiff's first action, filed in November of 2013 (the "2013 action"), sought to foreclose a mortgage dated September 3, 2003, securing payment of a note in the amount of $ 286,800 executed in favor of the Plaintiff, Bath Savings Institution. (2013 Compl. ¶¶ 6-7.) The Plaintiff filed a motion for summary judgment in the 2013 action on April 14, 2014. (*See generally* Pl.'s 2013 Mot. Summ. J.) In its statements of material fact, the Plaintiff alleged:

> The Defendant originally executed and delivered the Note and Mortgage directly to [the Plaintiff]. [The Plaintiff] is the holder of all of the rights set forth [in] those documents. *The Note and Mortgage were assigned by [the Plaintiff] to the Federal Home Loan Mortgage Corporation* ("FreddieMac") . . . . FreddieMac is the owner and economic beneficiary of the Note. [The Plaintiff] is the servicer for FreddieMac and according to federal rules and regulations, as well as FreddieMac guidelines for servicers, [the Plaintiff] must bring this collection and foreclosure action in its own name and complete the foreclosure process according to those rules. FreddieMac may not be named as a party in any such action. *Other than the unrecorded assignment to FreddieMac, [the Plaintiff] has not assigned any of the loan documents to another third party.*

3

(Pl.'s 2013 Supp. S.M.F. ¶ 8 (emphasis added).) This statement was supported by an affidavit submitted by Hennessey that mirrored the Plaintiff's statement of material fact.[2] (*See* 2013 Hennessey Aff. ¶ 15.)

Following the denial of its motion for summary judgment in the 2013 action, the Plaintiff moved to dismiss the action and the Court granted the Plaintiff's unopposed motion to dismiss on December 18, 2014. Prior to the Court dismissing the 2013 action, the Plaintiff filed this action (hereinafter "the 2014 action"). (*See generally* Pl.'s 2014 Compl.) This action seeks foreclosure of the same September 3, 2003, mortgage ("Mortgage-1") as the plaintiff sought to foreclose in the 2013 action, as well as foreclosure of a second priority note and mortgage in the amount of $71,000. (*See* Pl.'s 2014 Compl. ¶¶ 7-8, 10-11.)

In the Plaintiff's statements of material fact in support of its motion for summary judgment in this, the 2014 action, the Plaintiff states with respect to mortgage-1 that "[t]he Defendant originally executed and delivered the Note-1 and Mortgage-1 directly to [the Plaintiff]. [The Plaintiff] is the holder of all of the rights set forth [in] these documents. *The Plaintiff has not assigned any of these loan documents to another third party.*" (Pl.'s 2014 Supp. S.M.F. ¶ 8 (emphasis added).) This statement is supported by an affidavit submitted by the same affiant who, in the 2013 action, alleged that the Mortgage-1 had been assigned to FreddieMac. (2014 Hennessey Aff. ¶ 15.)

Hennessey's affidavit filed in this action, stating that the Plaintiff has not assigned any of the loan documents to a third party, is clearly inconsistent with her affidavit filed in the 2013

---

[2] Based on the Plaintiff's assertion that it had assigned the mortgage to FreddieMac, the Superior Court (Cumberland, *Cole, J.*) concluded that the Plaintiff failed to establish that it was the owner of the Defendant's mortgage. *See Bank of America, N.A. v. Greenleaf*, 2014 ME 89, ¶ 12, 96 A.3d 700; (Order of Pl.'s 2013 Mot. Summ J. dated 9/19/14). The Court also concluded that the notice of the mortgagor's right to cure did not strictly comply with 14 M.R.S. § 6111 (2014) and expressed concern over the unusually high legal fees requested in the case. (Order of Pl.'s 2013 Mot. Summ J. dated 9/19/14). Accordingly, the Court denied the Plaintiff's motion for summary judgment and provided the Plaintiff with sixty days to establish that it owned the Plaintiff's mortgage. (Order of Pl.'s 2013 Mot. Summ J. dated 9/19/14.)

4

action, stating that "[t]he Note and Mortgage were assigned by [the Plaintiff] to [FreddieMac]." (*Compare* 2013 Hennessey Aff. ¶ 15 *with* 2014 Hennessey Aff. ¶ 15.) Given the importance ownership of a mortgage has in a foreclosure action, *see Greenleaf*, 2014 ME 89, ¶ 12, 96 A.3d 700, the inconsistency between the two Hennessey affidavits cannot be considered minor. In the absence of any explanation for this inconsistency, the Court concludes that Hennessey's affidavit is untrustworthy and the Court will not rely on it.

## II.    Support for the Plaintiff's Statements of Material Fact

Even if the Court were to rely on Hennessey's affidavit, the Plaintiff failed properly support its statements of material fact alleging a default under the terms of the notes and mortgages at issue in this action. (*See* Pl.'s 2014 Supp. S.M.F. ¶¶ 14, 16.) The Plaintiff alleges that the Defendant failed to make certain principal and interest payments and failed to pay the accelerated debt but the Plaintiff did not cite to any records evidencing this non-payment. Where an affiant's statements are based on a plaintiff's business records, it is not sufficient for the plaintiff to simply cite to an affidavit. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 10 & n.3, 21 A.3d 1015; (2014 Hennessey Aff. ¶ 6).[3] Copies of the specific record the fact is derived from must be attached and referred to in the Plaintiff's statements of material fact. *Id.*; *see also* M.R. Civ. P. 56(e), (h). Because the Plaintiff failed to refer to any records evidencing a non-payment in its statements of material fact alleging a default, *see* Pl.'s 2014 Supp. S.M.F. ¶¶ 14,16, the Plaintiff's statements of material fact are not properly supported.[4]

---

[3] Hennessey states that her "knowledge as to the facts set forth in [her] affidavit is derived from [her] own personal knowledge and from [the plaintiff's] business records." (2014 Hennessey Aff. ¶ 6.) Without a statement clarifying the source of her knowledge of each specific fact, the Court can only guess as to whether Hennessey's knowledge of a fact is derived from the Plaintiff's records or her personal observation of a specific event or action.

[4] The Plaintiff's statement of material fact regarding legal fees suffers from a similar failure. (*See* Pl.'s 2014 Supp. S.M.F. ¶ 26 citing Hennessey Aff. ¶ 33.)

Furthermore, portions of the affidavit submitted by Hennessey fail to strictly comply with M.R. Civ. P. 56(e), which requires an affiant to attach to the affidavit sworn or certified copies of all records referred to in the affidavit. In her affidavit, Hennessey refers to documents that are not attached to her affidavit. (*See* 2014 Hennessey Aff. ¶ 24(a),(d), (g).) Some of these documents may appear in the Court's record but the presence of these documents in the Court's record does not absolve an affiant from compliance with M.R. Civ. P. 56(e).

## III. Legal Fees

Finally, the Plaintiff is requesting over $18,000 in legal fees. (Pl.'s 2014 Supp. S.M.F. ¶ 26.) If the Plaintiff prevails in this action, it is only entitled to *reasonable* attorney fees. *See* 14 M.R.S. § 6101 (2014); (Hennessey Ex. A ¶ 6(E), B ¶ 22, C, D). In light of the relative difficulty of this action, the Plaintiff's failure to obtain a judgment in the 2013 action, the inconsistency in the Hennessey affidavits, and the customary legal fees incurred in foreclosure actions of the same level of difficulty, the Court is not inclined to find the legal fees requested in this action "reasonable." However, because the Plaintiff's motion for summary judgment is denied, the Court need not make a definitive determination regarding legal fees at this time. However, the Plaintiff should be prepared to address this issue at any final hearing held in the case.

**The entry shall be:**

The Plaintiff's motion for summary judgment is DENIED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____7/30/15_____                         _____
                                                 Joyce Wheeler
                                                 Justice, Superior Court


                    Plaintiff-Bruce Hochman Esq
                    Defendant-Suzan Elichaa Pro Se
                    PII State of Maine-Kevin Crosman AAG


6