2003 ME 33

**FACILITATORS IMPROVING SALMONID HABITAT et al.**

v.

**TOWNS OF WINTERPORT and FRANKFORT**

Supreme Judicial Court of Maine.

Argued: Feb. 12, 2003.
Decided: March 10, 2003.

Jon A. Haddow, (orally), Farrell, Rosenblatt & Russell, Bangor, for plaintiffs.

Charles E. Gilbert III, (orally), Gilbert & Greif, P.A., Bangor, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Facilitators Improving Salmonid Habitat (FISH) and John C. Jones appeal from a temporary restraining order entered in the Superior Court (Penobscot County, *Mead, J.*) enjoining the removal of the West Winterport Dam. The Towns of Winterport and Frankfort (Towns) contend, *inter alia*, that this appeal is interlocutory and is not within an exception to the final judgment rule. We agree and dismiss this appeal.

## I. FACTS

[¶ 2] FISH filed an application with the Federal Energy Regulatory Commission (FERC) to surrender its exemption for, and removal of, the West Winterport Dam and appurtenant facilities. Contemporaneously, FISH sought approval to remove the dam from the Department of Environmental Protection pursuant to the Maine Waterway Development and Conservation Act, 38 M.R.S.A. §§ 630–37 (2001) (Act). The DEP granted FISH's application, the Towns appealed to the Board of Environmental Protection, and the BEP affirmed. Pursuant to M.R. Civ. P. 80C, the Towns appealed the BEP decision, which is now pending in the Superior Court in Waldo County. FERC thereafter approved

FISH's application, thus permitting the removal of the dam.[1] The Towns did not seek a rehearing on FERC's order approving FISH's application.[2]

[¶ 3] In June 2002, the Towns began eminent domain proceedings to prevent removal of the dam. FISH and Jones responded by seeking a declaratory judgment and injunctive relief in the Superior Court in Penobscot County to prevent the Towns from applying their shoreland ordinances and asserting their eminent domain powers.

[¶ 4] FISH and Jones notified the Towns that it was removing the dam because it had received approval from the DEP and FERC. The Towns responded by seeking a TRO, asserting the applicability and permit requirements of their shoreland ordinances. The court, applying the four factors required by *Ingraham v. University of Maine at Orono*, 441 A.2d 691, 693 (1982), granted a TRO. The court, among other things, found (1) irreparable injury to the Towns and public if the removal was not enjoined and (2) that the Towns had a likelihood of success on the merits. This appeal followed.

## II. DISCUSSION

[¶ 5] As a preliminary matter, we take judicial notice of the actions filed by the parties in the Superior Court in Waldo County that have arisen from the same dispute that is the subject of this appeal. *See* M.R. Evid. 201(b). FISH and Jones have filed Rule 80B appeals challenging the Towns' eminent domain proceedings

and the Winterport Zoning Board of Appeals's determination that Winterport's shoreland ordinance was not preempted by the Act (docket numbers AP–02–005 and AP–02–009, respectively). FISH and Jones have also filed an action to request a determination on damages (docket number BELSC–CV–2002–36). The Towns are challenging the DEP permit, affirmed by the BEP, in a Rule 80C appeal of final agency action in the Superior Court (docket number AP–02–003). We also note that there remains an open question concerning whether FERC has, or had, primary jurisdiction over the removal of the dam.

[¶ 6] In the case that is the subject of this appeal, the court and parties treated the TRO as a preliminary injunction. Generally, appeals to this Court lie only from a final judgment. *Dep't of Envtl. Prot. v. Emerson*, 563 A.2d 762, 765 (Me.1989). Preliminary injunctions are not final judgments. *See Id.* at 766. We have, however, permitted review of such preliminary injunctions when the injunction contains mandatory provisions that require the enjoined party to affirmatively act and an irreparable loss of that party's substantial rights may result if review is delayed until final judgment. *Id.*

[¶ 7] The injunction placed on the removal of the dam is prohibitory in nature, not mandatory, and merely seeks to maintain the status quo to enable the parties to address their grievances in the Superior Court. *See Plourde v. Plourde*, 678 A.2d 1032, 1035–36 (Me.1996). Moreover, FISH and Jones do not argue that they will be irreparably harmed by the injunction. To

---

1. FERC has retained jurisdiction over the West Winterport Dam, and has placed safety, environmental, and reporting conditions on FISH in its order approving the removal of the dam.

2. Pursuant to federal waterpower exemption surrender and removal regulations, FISH

consulted with federal, state, and local entities regarding the environmental, recreational, land use, and socioeconomic impacts of the project. The Towns, among others, were granted intervenor status and commented on the dam removal, which FERC considered and addressed in its order.

the contrary, FISH and Jones may seek damages if the injunction is vacated. M.R. Civ. P. 65(c).[3] This appeal, therefore, is not excepted from the final judgment rule. *See Plourde*, 678 A.2d at 1036.

The entry is:

Dismissed. Remanded to the Superior Court to consolidate this action with all pending actions between the parties in Waldo County.

---

**3.** M.R. Civ. P. 65(c) provides:
   (c) Security. No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained, provided, however, that for good cause shown and recited in the order, the court may waive the giving of security.