STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-18-110

GARY C. SEARLES

Plaintiff

v.

ORDER ON PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION

STEVEN GIROUARD and
LINDA GIROUARD

Defendants

Before the court is plaintiff Gary C. Searles's motion for preliminary injunction. Plaintiff requests the court enjoin defendants to cease all site work on their property during the pendency of this lawsuit. For the following reasons, the motion is denied.

Background

Defendants Steven and Linda Girouard own property (the property) in the town of Harrison, Maine. (Searles Aff. ¶ 3.) The property is situated in the Ridgeview (Phase III) Subdivision. (Searles Aff. ¶ 3.) Defendants acquired their interest in the property from plaintiff Gary Searles by deed dated October 16, 2009. (Searles Aff. ¶ 4.) This deed was later recorded in the Cumberland County Registry of Deeds in Book 27338, Page 192 on October 22, 2009. (Searles Aff. ¶ 4.)

All lots in the Ridgeview Subdivision are subject to a Declaration of Restrictive Covenants dated October 15, 2009 (the Declaration). (Searles Aff. ¶ 6.) The Declaration was recorded in the Cumberland County Registry of Deeds on October 22, 2009 in Book 27338, Page 187. (Searles Aff. ¶ 6.) The Searles to Girouard deed states that the property "is subject to the Declaration of Restrictive Covenants for Ridgeview (Phase III) Subdivision, Harrison, Maine recorded in Book 209, Page 308 . . . ." (Searles Aff. ¶ 7).

1

Plaintiff contends that the book and page numbers listed in the Girouards' deed are incorrect and the result of a scrivener's error made by Robert Neault, the defendants' title attorney. (Searles Aff. ¶ 8.) Book 209, Page 308 is the same book and page number in which the legal description of the property is recorded. (Girouard Aff. ¶ 8; Girouard Aff. Ex. B; Searles Aff. Ex. A.)

The Declaration contains the following two provisions:

2. Construction of any building shall not be commenced on any lot until the Declarant issues a certificate approving the plan for such building and the location thereof. Declarant shall approve any building plans which in its reasonable discretion (a) reflect an architectural design that is unobtrusive in form and color in relation to the natural setting and (b) specify a suitable location for building within the lot.

12. Declarant reserves the right to perform any site work on the premises including site preparation, excavation for foundations, installation of septic systems, and related work, so long as Declarant's price for any such site work is equal to or less than the price for comparable site work which may be performed by other site contractors having comparable expertise as Declarant.

(Searles Aff. ¶¶ 12, 16; Searles Aff. Ex. C.)

In 2017, defendants began the process of building a home on the property and hired plaintiff to perform lot clearing and excavation work. (Girouard Aff. ¶ 10.) Defendants were not satisfied with the quality of work performed by plaintiff, the cost of which also exceeded plaintiff's original quotes. (Girouard Aff. ¶ 11.) Work performed by plaintiff on other subdivision lots also did not meet defendants' standards. (Girouard Aff. ¶ 11.)

In late 2017, defendants hired another construction company to grade their lawn and driveway. (Girouard Aff. ¶ 13.) Defendants neither contacted plaintiff about performing this work nor allowed plaintiff to review the contractor's price, scope of work or experience. (Girouard Aff. ¶ 14; Searles Aff. ¶ 17.) After the contractor began work, plaintiff directed defendants to cease work on their property due to their failure to contact plaintiff about performing the work. (Girouard

2

Aff. ¶ 17.) Defendants directed the contractor to cease work on the project and requested that plaintiff submit a bid on the project including the type of machinery that would be used to perform the work. (Girouard Aff. ¶¶ 17-18.) Plaintiff did not submit a bid. (Girouard Aff. ¶ 18.) Although work materials are located on the property, currently no work is being performed on the property. (Girouard Aff. ¶ 20.)

Standard of Review

A party seeking a preliminary injunction must show that (1) the party will suffer irreparable injury if the injunction is not granted; (2) the injury outweighs any harm that granting the injunction would inflict on the other party; (3) the party has a likelihood of success on the merits; and (4) the public interest will not be adversely affected by granting the injunction. Ingraham v. Univ. of Me., 441 A.2d 691, 693 (Me. 1982). "Failure to demonstrate that any one of these criteria are met requires that injunctive relief be denied." Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Res., 2003 ME 140, ¶ 10, 837 A.2d 129.

Discussion

### 1. Irreparable Injury

"Irreparable injury is defined as injury for which there is no adequate remedy at law." Id. (quotation omitted). In this case, plaintiff claims he will suffer injury if defendants are allowed to continue construction on their property without obtaining plaintiff's approval of defendants' building plans and without allowing plaintiff to perform the site work. Any alleged harm is speculative and does not constitute irreparable injury. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 75 (D. Me. 1993) (speculative injury does not constitute irreparable harm); Coast v. Stein, No. CV-06-158, 2006 Me. Super. LEXIS 264, at *8 (Dec. 12, 2006) (Pl.'s Br. 6; Pl.'s Reply Br. 3)

3

Plaintiff may recover damages for the lost business opportunity caused by defendants' failure to allow plaintiff to perform the site work. Accordingly, plaintiff would not suffer irreparable injury if his motion is denied. See Facilitators Improving Salmonid Habitat v. Towns of Winterport & Frankport, 2003 ME 33, ¶ 7, 819 A.2d 325 (irreparable harm does not exist if plaintiffs may obtain damages); see also Bishop, 839 F. Supp. at 75 (economic loss not irreparable injury).

Conclusion

Plaintiff has not met his burden to show irreparable harm. Accordingly, the court does not address the remaining three criteria required to obtain a preliminary injunction. Bangor Historic Track, Inc., 2003 ME 140, ¶ 10, 837 A.2d 129.

The entry is

Plaintiff's Motion for Preliminary Injunction is DENIED.

Date: July 20, 2018

Nancy Mills
Justice, Superior Court

4

GARY C. SEARLES

Plaintiff

v.

ORDER ON DEFENDANTS'
MOTION TO DISMISS

STEVEN GIROUARD and
LINDA GIROUARD

Defendants

Before the court is defendants Steven Girouard and Linda Girouard's motion to dismiss pursuant to M.R. Civ. P. 12(b)(6). For the following reasons, the motion is denied.

Background

Defendants Steven and Linda Girouard own property (the property) in the town of Harrison, Maine. (Pl.'s Compl. ¶ 4.) The property is located in the Ridgeview (Phase III) Subdivision. (Pl.'s Compl. ¶ 6.) Defendants acquired their interest in the property from plaintiff Gary Searles by deed dated October 16, 2009. (Pl.'s Compl. ¶ 5.) This deed was recorded in the Cumberland County Registry of Deeds on October 22, 2009. (Pl.'s Compl. ¶ 5.)

All lots in the Ridgeview Subdivision, including defendants' lot, are subject to a Declaration of Restrictive Covenants dated October 15, 2009 (the declaration). (Pl.'s Compl. ¶ 7.) The declaration was recorded in the Registry of Deeds on October 22, 2009 in Book 27338, Page 187. (Pl.'s Compl. ¶ 7.) The Searles to Girouard deed states that the property "is subject to the Declaration of Restrictive Covenants for Ridgeview (Phase III) Subdivision, Harrison, Maine recorded in Book 209, Page 308 . . . ." (Pl.'s Compl. ¶ 8.) The book and page number listed in the Searles to Girouard deed is incorrect and the result of a scrivener's error made by defendants' title attorney. (Pl.'s Compl. ¶ 9.) The title insurance policy issued to defendants included a coverage

1

exception for the declaration and identified the correct book and page number in which the declaration is recorded. (Pl.'s Compl. ¶ 10.)

The Declaration contains the following two provisions:

2. Construction of any building shall not be commenced on any lot until the Declarant issues a certificate approving the plan for such building and the location thereof. Declarant shall approve any building plans which in its reasonable discretion (a) reflect an architectural design that is unobtrusive in form and color in relation to the natural setting and (b) specify a suitable location for building within the lot.

12. Declarant reserves the right to perform any site work on the premises including site preparation, excavation for foundations, installation of septic systems, and related work, so long as Declarant's price for any such site work is equal to or less than the price for comparable site work which may be performed by other site contractors having comparable expertise as Declarant.

(Pl.'s Compl. ¶¶ 12, 16.)

Defendants have commenced construction of a garage and driveway on the property. (Pl.'s Compl. ¶ 13.) Defendants have not provided plaintiff with a copy of their building plans. (Pl.'s Compl. ¶ 14.) Defendants have not contacted plaintiff about performing the site work and have not given plaintiff the opportunity to bid on the work. (Pl.'s Compl. ¶¶ 17, 18.)

Standard of Review

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217. The court accepts as true the factual allegations in the complaint and "do[es] not address the credibility, or the provability, of [the] allegations." Nadeau v. Frydrych, 2014 ME 154, ¶ 8, 108 A.3d 1254. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson

2

v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244.

Discussion

Defendants argue that as a matter of law the deed does not reflect an intent of the parties to be bound by the declarations that plaintiff seeks to enforce.[1] Specifically, defendants argue that no ambiguity arises from the deed's reference to a declaration recorded in Book 209, Page 308 and therefore extrinsic evidence may not be introduced to ascertain whether the parties intended to be bound by the declaration recorded in Book 27338, Page 187. Defendants further argue that plaintiff fails to allege facts in his complaint showing that defendants had actual or constructive knowledge that the property was subject to the declaration.

As argued by defendants, the deed refers unambiguously to a declaration recorded in Book 209, Page 308. The deed expressly states, however, that "the lot conveyed herein is subject to the Declaration of Restrictive Covenants for Ridgeview (Phase III) Subdivision." Unlike a generic reference to "all restrictions of record," the language in this deed reflects an intent that the property is subject to a specific declaration of restrictive covenants. Accordingly, if no declaration of restrictive covenants is recorded in Book 209, Page 308, an ambiguity exists regarding whether the parties actually intended the property to be subject to restrictive covenants. Although plaintiff does not allege in the complaint that no declaration of restrictive covenants is recorded in Book 209, Page 308, plaintiff does allege that the reference to that book and page number was made in error. Read in the light most favorable to plaintiff, these facts support the existence of an ambiguity when the deed is read with the documents recorded in Book 209, Page 308. Plaintiff alleges sufficient facts extrinsic from the deed to clarify the ambiguity and support plaintiff's claim that

---

[1] In their motion, defendants rely, in part, on plaintiff's Exhibit A, the Searles to Girouard deed, attached to plaintiff's complaint. Because this deed is both referred to in the complaint and central to plaintiff's claim, it may be properly considered without converting the motion to dismiss into a motion for summary judgment. Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 11, 843 A.2d 43.

3

the parties intended to be bound by the declaration of restrictive covenants.

Further, plaintiff alleges that the error was made by defendants' attorney and the attorney issued a title insurance policy with the correct book and page number of the declaration. An inference may be drawn that defendants' attorney knew the correct book and page number. Knowledge of the error and of the true intent of the parties may be imputed to defendants.[1] See Samsara Mem'l Trust v. Kelly, 2014 ME 107, ¶ 26 n.5, 102 A.3d 757 (knowledge of counsel is imputed to clients). Accordingly, in the complaint, plaintiff sets forth sufficient facts that would entitle him to reformation of the deed. See Slipp v. Stover, 651 A.2d 824, 827 (Me. 1994) (reformation of a deed is available when a buyer has knowledge of a mistake in a deed as well as the true intent and design of the deed at the time of the purchase); see also Hoffman v. Chapman, 182 Md. 208, 34 A.2d 438, 441 (Md. 1943).

Conclusion

When read in the light most favorable to plaintiff, the complaint sets forth facts that would entitle him to relief. In re Wage Payment Litig., 2000 ME 162, ¶ 3, 759 A.2d 217.

The entry is

Defendants' Motion to Dismiss is DENIED

Date: July 24, 2018

Nancy Mills
Justice, Superior Court

---

[1] Both plaintiff, in support of his opposition, and defendants, in support of their reply to plaintiff's opposition, have filed affidavits regarding defendants' knowledge that the property is subject to the declaration. The motion to dismiss was filed one month after the complaint was filed. At this stage in the proceedings, the court declines to consider matters outside the pleadings. Liberty v. Bennett, No. CV-09-459, 2010 Me. Super. LEXIS 2, at *11 n.6 (Jan 19, 2010) (citing M.R. Civ. P. 12(c)). The issue of the parties' knowledge of the applicability of the declaration will be more appropriately addressed after the parties have engaged in discovery.

4